SAMUEL H. TAYLOR v. JOSEPH B. YOUNGS.

*Ejectment—Proving source of title—Certificates of acknowledgment.*

Where plaintiff in ejectment claims under a conveyance from heirs it is admissible for him to show who the decedent's heirs were at any time after his decease, even though his conveyance was not obtained until long after.

In an action of ejectment for land purchased from heirs, it is admissible, by way of identifying the original owner of the land, to ask whether

he had owned real estate at the *locus in quo* ; it is also admissible to ask whether he left a will. These questions are preliminary and not objectionable as attempts to prove title to lands or the contents of written instruments by parol,

The validity of a deed, as between the parties, is not necessarily affected by defective acknowledgments or certificates of acknowledgment, though they may not entitle it to record, or make it admissible in evidence without proof of the signatures. But if the defects are. remedied before trial the deed becomes effective and admissible in evidence.

An assessment of land as if it were in some other township than that in which it really lies is wholly void, even though made in good faith and in ignorance. of the facts.

Whether the Legislature can legalize proceedings taken under a void act—*Q*.

Acts 365 and 366 of 1879 do not attempt to legalize the assessment in Duncan township of lands in Grant township.

Error to Cheboygan.    Submitted April 18.    Decided April 25.

Ejectment for lands conveyed to plaintiff by the heirs of one Lorenzo Thomas and claimed by defendant under a tax-deed.    Defendant brings error.    Affirmed.

*Frazer' & Brown* for appellant.

*Bell & Adams* for appellee. . Certificates of acknowledgment are only for authentication and proof and can be perfected at any time before the deed is offered in evidence ; *Russell v. Sweezey* 22 Mich. 235 ; *Monroe v. Eastman* 31 Mich. 284; *Dougherty v. Randall* 3 Mich. 581 ; *Price v. Haynes* 37 Mich. 487 ; *Hall v. Redson* 11 Mich. 21 ; an assessment beyond the jurisdiction of the assessor cannot be legalized by later legislation even though the land be brought within the jurisdiction : *Railroad Company v. Maquilkin* 12 Kan. 301 ; an assessment so defective as to be totally void cannot be cured by legislation : *People v. Holladay* 25 Cal. 300 ; curative statutes can never help want of jurisdiction in tax proceedings : *Hart v. Henderson* 17 Mich. 222.

MARSTON, J. This was an action of ejectment. The plaintiff recovered judgment. The case comes here on writ of error.

The first three assignments of error are not, nor is either of them, well taken. It was competent to show who were the heirs of Lorenzo Thomas at any time after his decease even although the plaintiff may not have claimed title from them for years thereafter. The question decided in the case relied upon by counsel, in *Campau v. Campau* 37 Mich. 247, was very different, as there was no showing in that case as to who constituted the heirs, although the plaintiff claimed to have derived title from one of the heirs without any showing as to how many there were. It was also competent for the purpose of identification to show that the deceased had at one time owned real estate in Cheboygan county, and also to ask whether deceased left any last will. This was not proving title to lands or the contents of any instrument; the questions were merely preliminary and proper. The same remarks apply to the fourth assignment of error.

The fifth assignment raises several questions, all relating to the proper acknowledgments, and certificates thereof, of certain conveyances through which plaintiff claimed title.

The defective execution of these instruments might affect the right to have them recorded in the Register of Deeds' office, but would not necessarily affect the validity of the instrument as a conveyance of the land described therein as between the parties thereto. If not properly acknowledged, or, if executed in another state, if not properly certified, the instrument while so defective might not be admissible in evidence without proof of the signatures thereto. If, however, after the commencement of the action, or at any time before trial, the instrument was properly acknowledged and, where necessary, had the clerk's certificate attached thereto, such instrument would be admissible in evidence on the trial and would be as effectual to pass the title as though perfected prior to the commencement of the action. *Richards v.*

*Pierce* 44 Mich. 444; *Brown v. McCormick* 28 Mich. 215.

The remaining assignments relate to the assessment of said lands in the township of Grant and sale thereunder for delinquent taxes and a conveyance to the defendant, while in truth and fact the lands were in the township of Duncan, where they were not assessed.

The supposition or belief of the parties, officers and inhabitants that these lands were in Grant township would not justify the taxation thereof therein, if in fact they were in another township. In such a case the supervisor in attempting to assess them would be acting without jurisdiction and his acts would be absolutely void. It cannot be truly said that the owner would not be injured so long as his lands were not assessed in Duncan; this would not follow. The local taxes may not have been as heavy in Duncan as in Grant, and the supervisor in the former township might have made a very different valuation. But however this may be it is sufficient that the assessment was wholly without authority.

It is claimed however that acts Nos. 365 and 366 of the Session Laws of the Local Acts of 1879, pp. 168–9, cure the difficulty. It might well admit of some doubt whether a void act could be cured by the Legislature. An examination of these acts shows that the Legislature did not attempt to legalize the act assessing this property in Grant. These acts may be given full force and effect in every respect and yet not touch or affect the present case.

The judgment must be affirmed with costs.

COOLEY and CAMPBELL, JJ. concurred.