## PAUL *v*. CITY OF DETROIT.

1. TAXATION—PROPERTY—REFUND—STATUTES—CHARTERS.

An action to recover property taxes paid to a city is governed by statute setting forth a procedure for doing so rather than provision of city charter not in accord with the statute (1 Comp. Laws 1929, § 3444, as last amended by Act No. 159, Pub. Acts 1945; Detroit Charter, title 6, chap. 4, § 30, chap. 7, § 11).

2. SAME—REFUND—STATUTE OF LIMITATIONS.

Where suit to recover taxes paid city was not brought within the time limited by statute, there can be no recovery (1 Comp. Laws 1929, § 3444, as last amended by Act No. 159, Pub. Acts 1945).

3. SAME—REFUND—PROTEST.

Refund of property taxes paid under protest may not be had where the written protest filed by the taxpayer failed to specify the grounds of illegality (1 Comp. Laws 1929, § 3444, as last amended by Act No. 159, Pub. Acts 1945).

4. SAME—DEFENSES TO EFFORTS TO OBTAIN REFUNDS—ESTOPPEL.

City which moved to dismiss taxpayers' suit against it in Federal court on ground that plaintiffs had an adequate remedy in the State courts for recovery of alleged illegal property taxes was not thereby estopped from urging in subsequent equity suit in State court that plaintiffs have or had an adequate remedy at law, since the fact that plaintiffs had lost such remedy at law by reason of their own inaction does not make the defenses inconsistent.

5. SAME—REFUND—SOLE REMEDY ON LAW SIDE OF COURT.

Where the sole purpose of a proceeding is to recover money paid for property taxes, the action therefor can be brought only on the law side of the court.

Appeal from Wayne; Brennan (John V.), J. Submitted June 5, 1947. (Docket No. 36, Calendar No. 43,547.) Decided October 13, 1947.

Bill by Frederick P. Paul and wife against City of Detroit to recover taxes paid under protest. Motion to dismiss granted. Plaintiffs appeal. Affirmed.

*Charles A. Lorenzo,* for plaintiffs.

*William E. Dowling,* Corporation Counsel, and *John H. Witherspoon,* Assistant Corporation Counsel, for defendant.

SHARPE, J. On April 2, 1946, plaintiffs brought a suit in the circuit court of Wayne county in which they allege that on January 1, 1930, they were the owners of four parcels of real estate in the city of Detroit, Michigan; that from 1930 to 1944, the city of Detroit levied and collected taxes on real and personal property within its corporate limits in excess of the 2 per cent. limitation permitted by law;[*] that from 1931 to 1944, both inclusive, defendant city levied taxes against the mentioned parcels of land; that because plaintiffs did not pay the taxes so levied, defendant city purported to bid in and purchase property and claim ownership of the same; that by reason of defendant's demands for payment of the sums assessed against the properties, plaintiffs deposited with defendant certain sums between April 17, 1942, and October 1, 1944, totalling $6,270; and that on May 22, 1945, plaintiffs paid to defendant, under protest, the sum of $10,207.87 claimed as the balance due for taxes, penalties and interest.

---

[*] See 1 Comp. Laws 1929, § 2230 (Stat. Ann. § 5.2073).—REPORTER.

The relief sought was the cancellation of all taxes levied and collected against the above mentioned parcels of land; and that defendant be required to refund and return to plaintiffs all moneys received by it amounting to the sum of $16,477.87.

Defendant filed a motion to dismiss the bill of complaint based upon the following:

"1.   Because this court does not have jurisdiction over the subject matter of this litigation.

"2.   Because plaintiffs have or had an adequate remedy at law in a suit in assumpsit for money had and received.

"3.   Because plaintiffs have or had an adequate remedy at law, as provided in 1 Comp. Laws 1929, § 3444, as amended (Stat. Ann. § 7.97).

"4.   Because this cause cannot be transferred to the law side of the court as the taxes involved in the bill of complaint, although ostensibly paid under protest, did not comply with the express provisions of 1 Comp. Laws 1929, § 3444, as amended, in the following respects:

"(a)   Because the alleged written protest accompanying the payment of the taxes in question did not set forth specifically the reasons for the alleged illegality of said taxes.

"(b)   Because any action to recover the taxes paid is barred by reason of lapse of time, said payment having been made in May of 1945, whereas said statute requires suit to recover to be made within 30 days of said payment and not afterwards.

"5.   Because a portion of the taxes paid, for which refund is requested, was paid voluntarily and without protest several years ago and, therefore, recovery of the same may not be had either in an action at law or in chancery."

It also appears that on July 25, 1945, a complaint, similar to the one in the case at bar, was filed in the Federal district court against defendant city seek-

ing the same relief. On August 9, 1945, the city filed
a motion to dismiss for the reason, among others,
that "this court does not have jurisdiction because
the plaintiffs have an adequate, plain, speedy and
efficient remedy in the courts of the State of Michi-
gan." On February 26, 1946, an order was therein
entered dismissing the bill of complaint, including
therein as a reason: "That the plaintiff has an ade-
quate remedy in the courts of the State of Michigan
and therefore this court does not possess jurisdic-
tion over the subject matter.".

The instant cause came on for hearing and the
trial court entered a decree dismissing plaintiffs'
bill of complaint, giving as his reason therefor:

"That the alleged protested payment does not
comply with the statute in that the specific grounds
of the protest are not stated therein. It is unneces-
sary to decide this question, however, as suit was not
commenced within 30 days, as the statute requires.
If plaintiffs' alleged statement of protest could be
said to have complied with the statute, they had an
adequate remedy at law. *Salisbury* v. *City of De-
troit,* 258 Mich. 235; *General Discount Corp.* v. *City
of Detroit,* 306 Mich. 458. However, suit was not
started in assumpsit within the period required by
the statute and, therefore, action for recovery of
the taxes alleged to have been paid under protest, is
likewise barred. *Lingle* v. *Township of Elmwood,*
142 Mich. 194."

Plaintiffs appeal and urge that the time within
which they must file suit is governed by general
law; and that 2 Comp. Laws 1929, § 3444, as
amended, has no application to the facts in the case
at bar either to the 30-day period or to the type of
protest to be made. The reason being that there
was no occasion to include in section 3444 any ma-
chinery or procedure in regard to cities, inasmuch

as municipalities with charters have an established procedure for the disposal of tax refunds; and that the charter of Detroit provides such procedure in the following:

"SEC. 11. The common council shall audit and allow all accounts chargeable against the city, but no unliquidated account, or claim, or contract shall be received for audit or allowance unless it be accompanied by an affidavit. * * * It shall be a sufficient bar and answer to any action or proceeding in any court for the collection of any demand or claim against said city that it has never been presented to the common council for audit or allowance or if on contract that it was presented without said affidavit and rejected for that reason or that the action or proceeding was brought before the common council had a reasonable time to investigate and pass upon it." (Title 6, chap. 7.)

"SEC. 30. The common council may also provide and ordain by ordinance, that whenever it shall appear that any taxes or assessments have been illegally assessed or collected, the common council may, by a vote of two-thirds of all the members-elect, direct and cause the amount so collected to be refunded out of the contingent fund, or in case it has not been collected, to vacate the assessment, and fix upon an amount, to be received in full of such tax or assessment, and no such action on the part of the council, under such ordinance, shall in any way affect or invalidate any other tax or assessment assessed, levied, or collected in said city." (Title 6, chap. 4.)

Plaintiffs further claim that the impossibility of complying with both the statute and the charter manifests an intention that section 3444 has no application to refunds of taxes paid to the city of Detroit.

Section 3444, 1 Comp. Laws 1929, as amended by Act No. 234, Pub. Acts 1941, and Act No. 159, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 3444, Stat. Ann. 1946 Cum. Supp. § 7.97), provides in part as follows:

"Any person may pay the taxes or special assessments, or any 1 of the several taxes or special assessments, on any parcel or description of land, or on any undivided share thereof, and the treasurer shall note across the face of the receipt in ink any portion of the taxes or special assessments remaining unpaid. He may pay any tax or special assessment, whether levied on personal or real property, under protest, to the treasurer, specifying at the time, in writing, signed by him, the grounds of such protest, and such treasurer shall minute the fact of such protest on the tax roll and in the receipt given. The person paying under such protest may, within 30 days and not afterwards, sue the township for the amount paid, and recover, if the tax or special assessment is shown to be illegal for the reason shown in such protest."

Section 3500, 1 Comp. Laws 1929 (Stat. Ann. § 7.161), provides in part as follows:

"This act shall be applicable to all cities and villages where not inconsistent with their respective charters. With such exceptions, the provisions herein as to supervisors, township treasurers, and boards of review, shall include all assessing and collecting officers, and all boards whose duty it is to review any assessment roll. The word township may include city, ward or village."

A situation similar to that in the present case arose in *General Discount Corp.* v. *City of Detroit,* 306 Mich. 458. That case involved an action for the recovery of taxes paid on personal property for the years 1921 to 1932 inclusive. The taxes had

been illegally assessed and action to recover the amount so paid was begun in 1938. We there said:

"1 Comp. Laws 1929, § 3444, provides that a person may pay any tax, whether levied on personal or real property, under protest to the treasurer, specifying at the time in writing signed by him the grounds of such protest, and the treasurer shall minute the fact of such protest on the tax roll and receipt given, that thereupon the person paying under such protest may within 30 days and not afterwards, sue for the amount paid and recover, if the tax is shown to be illegal, for the reasons shown in the protest."

In our opinion an action to recover for taxes paid to the city of Detroit is governed by section 3444. In view of the fact that plaintiffs' suit was not brought within the time required by the act there can be no recovery. Moreover, the written protest filed by plaintiffs did not specify grounds of illegality.

It is also urged by plaintiffs that defendant is estopped from urging the defenses noted in its motion to dismiss. We do not find that the reasons now urged by defendant for the dismissal of plaintiffs' bill of complaint are inconsistent with its position in the Federal court case. In the Federal court, defendant urged that plaintiffs had an adequate remedy in the courts of the State of Michigan. In the present case defendant again urges that plaintiffs have or had an adequate remedy at law. The fact that plaintiffs by inaction lost their remedy in the State court does not make defendant's contention inconsistent.

Plaintiffs also urge that their suit is properly brought on the chancery side of the court. The sole purpose of plaintiffs' suit is the recovery of money

paid for taxes. Such an action can be brought only on the law side of the court. See *Long* v. *Village of Dundee,* 159 Mich. 320.

Plaintiffs have urged other issues in their reasons and grounds for appeal, but we forego decision on them as decision in this case is controlled by the issues heretofore discussed.

The decree dismissing plaintiffs' bill of complaint is affirmed, with costs to defendant.

Carr, C. J., and Butzel, Bushnell, Boyles, Reid, North, and Dethmers, JJ., concurred.