.UPPER PENINSULA GENERATING COMPANY *v.*
CITY OF MARQUETTE

1. TAXATION—EXCESS TAX—PAYMENT UNDER PROTEST—STATUTE.
Protest seeking recovery of excess tax must be made at the time of payment except where the portion of tax exceeding the lawful amount is paid either as a result of a mutual mistake of fact or a clerical error; failure to obtain the voter's approval for millage in excess of constitutional limitations is not a mistake of fact and is not therefore grounds for recovery under the statute without a protest having been filed (CL 1948, § 211.53).

2. TAXATION—PROPERTY TAX—RECOVERY OF EXCESS TAX—STATUTE.
Statutory provisions for recovery of invalid property tax, with the exception of those payments resulting from factual error or duress, permit the taxpayer to sue the township for the excess amount after payment has been submitted to the treasurer accompanied by a written protest, signed by the taxpayer, which states the grounds for protest, and the taxpayer may recover if the tax is judicially shown to be illegal for the reason stated in the protest; the words "Paid in protest due to illegal millage" on taxpayer's check do not specify the underlying reasons for the asserted illegality of a tax within the scope of the statute (CLS 1961, § 211.53a).

Appeal from Marquette, Bernard H. Davidson, J. Submitted Division 3 May 5, 1969, at Marquette. (Docket No. 5,618.) Decided July 31, 1969.

Complaint by the Upper Peninsula Generating Company, a Michigan corporation, against the City

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 51 Am Jur, Taxation § 1189.

of Marquette and the Board of Education of the Public Schools of the City of Marquette to recover *ad valorem* taxes. Complaint dismissed. Plaintiff appeals. Affirmed.

*Norman McLean,* for plaintiff.

*Baldwin, Kendricks & Bordeau* and *Miller, Canfield, Paddock & Stone,* for defendants.

Before: Gillis, P. J., and R. B. Burns and V. J. Brennan, JJ.

V. J. Brennan, J.   Plaintiff taxpayer appeals from an order dismissing its suit with prejudice. On September 1, 1967, plaintiff commenced an action against defendants to recover certain sums paid as *ad valorem* taxes for the years 1965, 1966 and 1967. Plaintiff contended that the tax millage in excess of the 15 mill limitation imposed by article 9, § 6 of the Michigan Constitution of 1963 was illegal as it had not received the approval of the electorate.

No protest was filed by plaintiff at the time the 1965 and 1966 taxes were paid as required by MCLA § 211.53 (Stat Ann 1960 Rev § 7.97). As a result plaintiff cannot recover the excess taxes paid in those years. *Haggerty* v. *City of Dearborn* (1952), 332 Mich 304. Although MCLA § 211.53a (Stat Ann 1960 Rev § 7.97) permits recovery of excess taxes notwithstanding the failure to register a protest, it does so *only* if the portion exceeding the lawful amount is paid either as the result of a mutual mistake of fact or a clerical error. The failure to obtain the voters' approval for the millage in excess of the constitutional limitation cannot be characterized as a mistake of fact, and therefore plaintiff is not entitled to relief under this statute.

Plaintiff is also precluded from recovering the 1967 taxes as the protest which was entered with that payment does not comply with the requirements of MCLA § 211.53. This section of the general property tax law establishes the prerequisites for recovery of invalid property taxes except where the payment is based on a mistake of fact or is made under duress. *General Discount Corp.* v. *City of Detroit* (1943), 306 Mich 458. It provides in part:

"He may pay any tax or special assessment, whether levied on personal or real property, under protest, to the treasurer, specifying at the time, in writing, signed by him, the grounds of such protest, and such treasurer shall minute the fact of such protest on the tax roll and in the receipt given. The person paying under such protest may, within 30 days and not afterwards, sue the township for the amount paid, and recover, if the tax or special assessment is shown to be illegal for the reason shown in such protest  *  *  *  ."

Recovery is permitted under the statute only if it is judicially determined that the tax is invalid for the reason specified in the protest. *Peninsula Iron Company* v. *Township of Crystal Falls* (1886), 60 Mich 79; *Aurora Iron Mining Co.* v. *City of Ironwood* (1899), 119 Mich 325; *Hudson Motor Car Co.* v. *City of Detroit* (1937), 282 Mich 69; *Paul* v. *City of Detroit* (1947), 318 Mich 545. The protest in question consists of the following words appearing on the taxpayer's check, "Paid under protest due to illegal millage." An unsupported statement that a millage tax is illegal does not satisfy the requirement that the protesting taxpayer specify the underlying reasons for the asserted illegality of the tax. If "millage" is taken to mean the tax itself, the protest merely informs the taxing authority that the taxpayer deems the tax to be illegal. If the term

refers to the standard by which the tax is computed, the protest is nevertheless insufficient as the illegality of a tax standard might be attributed to any number of reasons or theories.   See *Peninsula Iron Co.* v. *Crystal Falls, supra.*

Furthermore, the check served as payment for several other taxes which were not disputed.   Plaintiff's protest thus failed to specify the tax to which the claim of illegality was directed.

The order of dismissal is affirmed.

All concurred.