CARPENTER *v.* CITY OF ANN ARBOR

1. TAXATION—VOLUNTARY PAYMENT—RECOVERY.
   A voluntary payment of a tax may not be recovered even if the tax was void.

2. TAXATION—PAYMENT UNDER PROTEST—STATUTE—EFFECT.
   Statute providing for the payment of taxes under protest makes such a payment involuntary irrespective of any question of duress (MCLA § 211.53).

3. TAXATION—VOLUNTARY PAYMENT—RECOVERY—PAYMENT UNDER PROTEST—MUTUAL MISTAKE OF FACT.
   A voluntary payment of taxes may be recovered only if it was based on a mutual mistake of fact or if the taxpayer complied with the statutory provisions regarding payment under protest (MCLA § 211.53).

4. TAXATION—PAYMENT UNDER PROTEST—RECOVERY—VOID TAX.
   Compliance with the payment under protest statute is necessary for recovery even where there is no possible legal basis for the tax; whether the tax is void or merely voidable does not affect the necessity for complying with the payment under protest statute (MCLA § 211.53).

5. TAXATION—PAYMENT UNDER PROTEST—DUE PROCESS—STATUTES.
   The payment under protest statute provides a way to challenge the validity of a tax; a taxpayer, having a method to challenge a tax, is not denied due process.

Appeal from Washtenaw, John C. Dalton, J. Submitted Division 2 June 9, 1971, at Lansing. (Docket No. 7707.) Decided August 30, 1971. Leave to appeal denied, 387 Mich 776.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3]  51 Am Jur, Taxation §§ 1184–1213.
[2, 4, 5]  40 Am Jur, Payment §§ 180, 181.
   51 Am Jur, Taxation § 1189.

Complaint by Arthur E. Carpenter on behalf of himself and all other taxpayers of the City of Ann Arbor against the City of Ann Arbor and its officers for return of taxes paid to the city. Judgment for defendants. Plaintiff appeals. Affirmed.

*Douvan, Harrington & Carpenter,* for plaintiff.

*Jerold Lax,* City Attorney, and *Edward B. Goldman,* Assistant City Attorney, for defendants.

Before: DANHOF, P. J., and BRONSON and O'HARA,[*] JJ.

DANHOF, P. J.  The plaintiff brought this action seeking to recover taxes paid to the City of Ann Arbor.  Prior to 1965 the city leveled a special purpose tax pursuant to the authority given by MCLA § 242.3 (Stat Ann 1958 Rev § 9.593).  The statute was repealed effective July 1, 1965.  However, in the years 1966, 1967, and 1968 the city continued to levy the tax.  In October of 1968 the plaintiff commenced this action.  The trial court held that the tax was invalid because without the statutory authorization the tax exceeded the 7.5 mill limitation contained in the city charter.  However, the trial court refused to order a refund because the taxes had not been paid under protest in conformity with MCLA § 211.53 (Stat Ann 1971 Cum Supp § 7.97).  In the view we take of the case we may assume without deciding that the tax is void and was levied without any authority to do so.  Nonetheless, because of the failure to comply with the payment under protest statute, we affirm.

---

[*] Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The plaintiff argues that it is unnecessary to comply with the payment under protest statute when there is no possible legal basis for the tax. Plaintiff argues that such taxes are void, whereas invalid taxes that might by some legal possibility be levied are merely voidable, and that only in the latter case is it necessary to comply with the payment under protest statute.

The distinction urged by the plaintiff has been adopted in some areas of tax law. It has been held that a failure to exhaust administrative remedies does not preclude the recovery of a tax payment when a municipality had no jurisdiction to assess the tax. *Greilick* v. *City of Traverse City* (1925), 231 Mich 699. It has also been held that ejectment would lie against the holder of a title acquired at a tax sale when the governmental unit had not had jurisdiction to assess the tax. *Taylor* v. *Youngs* (1882), 48 Mich 268. Under CL 1857, § 5008, the successor of which is MCLA § 600.2920 (Stat Ann 1962 Rev § 27A.2920), replevin would not lie for property taken under a warrant for the collection of taxes. However, this has been held not to bar an action where the tax could not have been levied by any legal possibility, *LeRoy* v. *East Saginaw City Railway* (1869), 18 Mich 233.

However, none of these cases involved a voluntary payment of a tax. It has often been said that a voluntary payment of a tax may not be recovered even if the tax was void. *National Bank of Detroit* v. *City of Detroit* (1935), 272 Mich 610; *Gage* v. *City of Saginaw* (1901), 128 Mich 682; *School District No. 6* v. *School District No. 5* (1931), 255 Mich 428. The effect of the payment under protest statute is to make such a payment involuntary irrespective of any question of duress. *General Discount Corp.* v. *City of Detroit* (1943), 306 Mich 458. A voluntary

payment may be recovered only if it was based on a mutual mistake of fact or if the taxpayer complied with the provisions of MCLA § 211.53 (Stat Ann 1971 Cum Supp § 7.97). *Upper Peninsula Generating Company* v. *City of Marquette* (1969), 18 Mich App 516. A failure to comply with the payment under protest statute prevented recovery even when a court had held that the tax was invalid before the payment had been made. *General Discount Corp.* v. *City of Detroit, supra; Gage* v. *City of Saginaw, supra.* In a case where a city had levied a tax in an amount greater than they were allowed by statute a failure to comply with the statute was fatal to the plaintiff's case. *Paul* v. *City of Detroit* (1947), 318 Mich 545. We conclude that the distinction urged by the plaintiff finds no support in the cases involving voluntary payments.

The plaintiff argues that the payments were made under a mistake of fact and can therefore be recovered under the holding in *Spoon-Shacket* v. *County of Oakland* (1959), 356 Mich 151. The plaintiff has referred us to the dissenting opinion of Justice TALBOT SMITH in *Consumers Power Company* v. *County of Muskegon* (1956), 346 Mich 243, the rationale of which was adopted by a majority of the Supreme Court in *Spoon-Shacket.* In Justice SMITH's opinion the following is found (pp 262, 263):

"The last section above quoted (section 75),[1] to be carefully distinguished (as does the Restatement) from the case before us, is that relating to the recovery of 'void taxes and assessments.' Such cases normally involve payments made under mistake of law, which, both for historical (see Lord Ellenborough's 'monstrous mistake' in *Bilbie* v. *Lumley,* 2 East 469 [102 Eng Rep 448]) and practical reasons,

[1] Restatement Restitution, § 75, p 318.

have received fairly short shrift in the courts. Confusion between such cases, and the case before us, involving one of the simplest of the mistakes of fact (double, or manifold, payment of the same tax) is noted in portions of the briefs before us. Here the person paying (*i.e.,* 'where a person pays for the second time a tax due from him personally') is clearly and undisputably entitled to restitution of the amount so paid, whatever the situation may be as to 'void and illegal taxes.' The two situations involve different policy considerations, are differently resolved in the cases and treatises, and should not be muddled by us."

This case is one of the voluntary payment of an invalid tax and not a case of mistake which would make possible a restitutionary action. See also *Hertzog* v. *City of Detroit* (1966), 378 Mich 1 (opinions of ADAMS and SOURIS, JJ.) ; *Upper Peninsula Generating Company* v. *City of Marquette* (1969), 18 Mich App 516.

The plaintiff's final contention is that if the statute operates to bar his action the statute is unconstitutional because it deprives him of property without due process of law. As long as there is a way open to challenge the validity of a tax there is not a denial of due process, *Miller* v. *State Apple Commission* (1941), 296 Mich 248. We announce no novel rule of law when we say that the Legislature may validly require a person to exercise his rights within a given period or lose them. The plaintiff has not been deprived of due process.

Affirmed; no costs, a public question being involved.

All concurred.