## NOLL EQUIPMENT CO v CITY OF DETROIT

1. TAXATION—PERSONAL PROPERTY—IMPORTS—EXEMPTION—RESALE.

   The right to resell imported goods free of prior local property tax remains intact until a sale is consummated and the goods are identified to the contract.

2. TAXATION—PERSONAL PROPERTY—IMPORTS—EXEMPTION—JOINT VENTURE—CORPORATIONS.

   A corporation that imported steel and stored it in the original package in Detroit warehouses to be used in a joint venture with another corporation was immune from local taxation on the steel until after the joint venture had received title to the steel and processing began for its benefit.

3. TAXATION—PROTEST—NOTICE—STATUTES—CORPORATIONS.

   The statutory requirement that a taxpayer must bring suit within 30 days of a protested tax payment as a method of providing notice to the taxing authority was not followed by a corporation where the only notice it provided was some tax returns stamped "paid under protest" and no timely proceedings were commenced for any tax period (MCLA 211.53).

4. TAXATION—PROTEST—STATUTES—EQUITY—CORPORATIONS.

   Equitable relief based on a mutual mistake of fact does not lie for a corporation that acquiesced in a taxing authority's mistaken assertion that imported steel was not immune from local taxation and paid taxes on the steel, because no mutual mistake of fact arose between taxpayer and assessing officers; the statute that requires a written protest and a lawsuit within 30 days showing the illegality of the tax is appropriate for testing legal issues and the corporation did not comply with the statutory requirements (MCLA 211.53).

5. TAXATION—PROTEST—MISTAKE OF FACT—FRAUD—STATUTES—CORPORATIONS—CONSTITUTIONAL LAW.

   A corporation's failure to pay taxes under protest and file suit

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 51 Am Jur, Taxation §§ 103–105, 107.
[3–5] 51 Am Jur, Taxation § 1103.

within 30 days as required by statute because it acquiesced in the taxing authority's mistaken assertion that the corporation's imported steel was not immune from local taxation cannot be excused as a mutual mistake of fact and the taxing authority's mistake of law did not constitute constructive fraud; the "mutual mistake of fact" language of the statute was not intended by the Legislature to apply to misapplication of the United States Constitution to Michigan tax laws (US Const, art I, § 10[2]; MCLA 211.53, 211.53a).

Appeal from Wayne, Thomas Roumell, J. Submitted Division 1 June 20, 1973, at Detroit. (Docket Nos. 14526–14527.) Decided August 28, 1973. Leave to appeal denied, 391 Mich —.

Complaints by Noll Equipment Company against the City of Detroit and Wayne County for refund of taxes paid but not lawfully owed. Cases consolidated for trial. Judgment for plaintiff. Defendants appeal. Reversed.

*Kasoff, Young, Gottesman, Kovinsky & Friedman,* for plaintiff.

*Michael M. Glusac,* Corporation Counsel, and *Lawrence W. Morgan* and *Arthur Yim,* Assistants Corporation Counsel, for City of Detroit.

*Aloysius J. Suchy,* Corporation Counsel, and *William F. Koney,* Assistant Corporation Counsel, for Wayne County.

Before: QUINN, P. J., and J. H. GILLIS and BASHARA, JJ.

J. H. GILLIS, J. Defendants, City of Detroit and County of Wayne, appeal the trial court order canceling property tax assessments and refunding taxes for 1968 and 1969. Plaintiff, Noll Equipment Co., a division of Curtis-Noll, an Ohio corporation,

entered into a joint venture in 1967 with National Machine, a Michigan corporation, for the purpose of uniting Noll Equipment's financial integrity and ready access to foreign mills with National Machine's automobile industry contacts. Noll Equipment imported steel and stored it in the original package in Detroit warehouses. Noll Equipment released the steel to the joint venture as needed for subsequent processing and resale.

In each taxable year, Noll Equipment filed a statement claiming immunity. However, it never protested the assessing authority's subsequent denial of immunity to the board of review. In fact, in 1969, plaintiff stipulated to an increased assessment by the State Tax Commission. Plaintiff protested payment of the second half of the 1968 city taxes and the county taxes but did not commence suit to recover the taxes within the prescribed 30-day period. MCLA 211.53; MSA 7.97. In 1969, plaintiff claims it inadvertently paid its first half city tax. Plaintiff left the second half city taxes unpaid but did pay county taxes under protest. Once again, plaintiff did not timely file suit to recover any taxes paid under protest.

Defendants assert the trial court erred in finding the imported steel protected from taxation by US Const, art I, § 10(2).[1] They cite *Brown v Maryland,* 25 US(12 Wheat) 419; 6 L Ed 678 (1827); *Hooven & Allison Co v Evatt, Tax Commissioner,* 324 US 652; 65 S Ct 870; 89 L Ed 1252 (1945), *inter alia,* claiming the imported steel lost its immunity from taxation because it was essential to the current operating needs of the joint venture. Defendants see the release of the steel to the joint venture as a mere strategic device to avoid local taxes and

---

[1] US Const, art I, § 10(2), provides: "No State shall, without the Consent of the Congress, lay any Imposts, or Duties on Imports or Exports * * * ."

urge us to "pierce the form" and find plaintiff exercised such control in the processing of the imported steel that tax liability accrued. We cannot agree. We think *Price Paper Corp v Detroit*, 42 Mich App 488, 490; 202 NW2d 523, 524-525 (1972), is controlling:

"Defendants claim the newsprint lost the character of an import. Inasmuch as the paper rolls stored with Safran were destined for the Shopping News, printed on the premises, and were readily available as part of the printer's working inventory, they thereby passed into the use for which they had been imported, *i.e.*, as part of the current operating requirements of the publishing process. *Hooven & Allison Co v Evatt, Tax Commissioner*, 324 US 652; 65 S Ct 870; 89 L Ed 1252 (1945); *Youngstown Sheet & Tube Co v Bowers, Tax Commissioner*, 358 US 534; 79 S Ct 383; 3 L Ed 2d 490 (1959), and see *Knight Newspapers, Inc v Detroit*, 16 Mich App 438 [168 NW2d 318] (1969). We find, however, the so-called 'use doctrine' relied on in those cases inapplicable to the cases presently before us and to this plaintiff. Unlike Youngstown Sheet & Tube Company, the United States Plywood Corporation (second plaintiff in *Youngstown)*, or Knight Newspapers, *plaintiff here imported the merchandise for resale and not for its own manufacturing or publishing operation. Until the sale is consummated and the paper identified to the contract the holding in Detroit v Lake Superior Paper Co*, 202 Mich 22 [167 NW 852] (1918), *controls, i.e.,* the right to resell imported goods free of prior local property tax goes along with the right to bring them into the country." (Emphasis supplied.)

Specifically stated, the right to resell imported goods free of prior local property tax remains intact until a sale is consummated and the goods are identified to the contract. Here, no resale occurred until after the joint venture had received title to the steel and processing began for its

benefit. Plaintiff successfully avoided the incident of creating liability. Its claim of immunity from taxation must prevail.

The next issue is whether plaintiff's failure to pay taxes under protest and file suit within 30 days as required by MCLA 211.53, *supra,* can be excused as a mutual mistake of fact. See MCLA 211.53a; MSA 7.97(1). Plaintiff argues that the question of the immunity of the imported steel from taxation is a factual question to which that doctrine properly applies.

We note at the outset that we cannot grant relief in this case without a showing of mutual mistake of fact. We have reviewed *Nor-Cote, Inc v Wayne County,* 47 Mich App 563; 209 NW2d 602 (1973), in which Judge LEVIN interpreted the purpose of the requirement of bringing suit within 30 days of protested tax payment as a method of providing notice to the taxing authority. While the plaintiff in that case failed to comply literally with the statute, the Court found it had satisfied the statutory purpose and awarded relief. However, unlike *Nor-Cote,* the only notice plaintiff provided in the instant case was some tax returns stamped "paid under protest". We think such measures do not comply with either the letter or the intent of the statute. No timely proceedings were commenced for any tax period. *Paul v Detroit,* 318 Mich 545; 28 NW2d 904 (1947).

Noll Equipment contends that its acquiescence in defendants' assertion that the imported steel was not immune from local taxation constituted a mutual mistake of fact excusing it from the requirements of MCLA 211.53, *supra.* See MCLA 211.53a; MSA 7.97(1). They urge that the taxing authorities' mistake amounted to constructive fraud triggering equitable relief. *Spoon-Shacket*

*Co, Inc v Oakland County,* 356 Mich 151; 97 NW2d 25 (1959).

Defendants claim that the question of availability of a constitutionally created tax exemption is a question of law, not fact. MCLA 211.53, *supra,*[2] is appropriate for testing legal issues. That statute requires a written protest, specifying the grounds, and a lawsuit within 30 days showing the illegality of the tax. Because no mutual mistake of fact arose between taxpayer and assessing officers, equitable relief cannot lie.

Judge BASHARA construed the requirements of a claim of mutual mistake of fact in *Wolverine Steel Co v Detroit,* 45 Mich App 671; 207 NW2d 194 (1973). In that case plaintiff did not protest the tax because it believed the goods were not entitled to immunity. Later, plaintiff urged that to be a mistake of fact. Judge BASHARA concluded that the Legislature did not intend the "mutual mistake of fact" language in MCLA 211.53a, *supra,* to apply to misapplication of the United States Constitution to Michigan tax laws. He reasons as follows:

"This interpretation can be confirmed by looking at MCLA 211.53b; MSA 7.97(2). This section is provided as an 'alternative' method of treating a 'clerical error or a mutual mistake of fact'. MCLA 211.53b; MSA 7.97(2). This section reads in relevant part:

---

[2] Plaintiff cites MCLA 211.53; MSA 7.97, which provides:

"Any person may pay the taxes or special assessments, or any one of the several taxes or special assessments, on any parcel or description of land, or on any undivided share thereof, and the treasurer shall note across the face of the receipt in ink any portion of the taxes or special assessments remaining unpaid. He may pay any tax or special assessment, whether levied on personal or real property, under protest, to the treasurer, specifying at the time, in writing, signed by him, the grounds of such protest, and such treasurer shall minute the fact of such protest on the tax roll and in the receipt given. The person paying under such protest may, within 30 days and not afterwards, sue the township for the amount paid, and recover, if the tax or special assessment is shown to be illegal for the reason shown in such protest."

" 'As an alternative to section 53 [MCLA 211.53; MSA 7.97], whenever there has been a clerical error or a mutual mistake of fact relative to the correct assessment figures, *the rate of taxation or the mathematical computation relating to the assessing of taxes.*' "Statutes *in pari materia* are to be construed together. Sections MCLA 211.53a and MCLA 211.53b both deal with procedures for correcting 'clerical errors' and 'mutual mistakes of fact'. MCLA 211.53b lists simple errors in assessment, application of the proper rate, and mathematics as the types of 'mutual mistake of fact' it is intended to deal with. It does not list anything like the type of 'mutual mistakes of fact' claimed by the appellant to have been made here. *Expressio unius est exclusio alterius.* When certain things are specified in a law intention to exclude all others from its operation may be inferred. This would seem to be particularly true when the type of error that is claimed to have been made is generically different from those listed in the statute." *Wolverine Steel Co v Detroit, supra,* 674–675.

We think that *Upper Peninsula Generating Co v Marquette,* 18 Mich App 516; 171 NW2d 572 (1969), and *Wolverine Steel Co v Detroit, supra,* dispose of this issue. We are not willing to extend the *Spoon-Shacket* doctrine to this case. We cannot say that defendants' mistake of law constituted a constructive fraud. In view of our treatment of this issue, plaintiff's remaining argument that it was excused from exhausting administrative remedies is moot. The trial court decision is reversed.

Reversed. No costs, a public question being involved.

All concurred.