*In re* FAIR ESTATE

MOORE v STATE VETERANS' FACILITY OF MICHIGAN

1. NOTICE—NOTICE OF CLAIM—COURT OF CLAIMS—STATUTES—PURPOSE OF ACT.

The purpose of the statute requiring that notice of a claim against the state must be filed in the Court of Claims within one year after such claim has accrued is to apprise the governmental agency that an action is contemplated so that it may take appropriate measures to gather evidence before the requisite information is lost (MCLA 600.6431[1]).

2. NOTICE—NOTICE OF CLAIM—STATUTES—NONCOMPLIANCE.

Statutes requiring notice of claim are not aimed at forestalling litigation altogether, but mainly seek to provide a governmental authority with early warning so that it can assemble information in support of a defense on the merits while the evidentiary trail is still hot; therefore, it frequently would be excessive to treat noncompliance with a notice requirement as being as irremediable as a failure to commence an action within the time period established in a statute of limitation.

3. NOTICE—STATUTES—SUBSTANTIAL COMPLIANCE—CASE LAW.

Only substantial compliance with the notice provisions of a statute is required under case law.

4. NOTICE—COURT OF CLAIMS—VERIFICATION—STATUTES—ATTORNEY'S SIGNATURE—SUBSTANTIAL COMPLIANCE—PREJUDICE—COURT RULES.

Statutory notice provisions for claims in the Court of Claims which include a requirement of verification of the claim or nature of claim were substantially complied with where an unverified complaint was signed by the plaintiff's attorney, and where the defendant failed to demonstrate in what manner it

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 680 *et seq.*

[4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 740.

was prejudiced by the unverified complaint, because verification is a certification of truth and an attorney who signs a complaint certifies that to the best of his knowledge, information, and belief there is good ground to support it; such certification is the equivalent of a verification (MCLA 600.6431[1]; GCR 1963, 114.2).

Appeal from Court of Claims, Willard L. Mikesell, J. Submitted Division 2 June 6, 1974, at Lansing. (Docket No. 18222.) Decided August 14, 1974.

Complaint by Walton B. Moore, administrator of the estate of Clesson B. Fair, deceased, against the State Veterans' Facility of Michigan to recover monies remaining in the decedent's escrow account and personal property held by the defendant. Accelerated judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Best, Arnold, Gleeson & Best, P. C. (James M. Justin,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Roderick T. MacGillis,* Assistant Attorney General, for defendant.

Before: McGREGOR, P. J., and R. B. BURNS and O'HARA,* JJ.

McGREGOR, P. J. Plaintiff appeals from an August 10, 1973 opinion and a September 4, 1973 order of the Court of Claims, granting defendant's motion for accelerated judgment.

Clesson F. Fair was admitted as a resident of the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Michigan Veterans' Facility on or about May 2, 1969, and remained there until his death on March 30, 1970. During that period of time, certain monies were received from the Veterans Administration and from the Social Security Administration which were used in part to cover the cost of his care. The balance of the money was deposited in his name in the pension trust account maintained by the board of managers of the veterans facility. At the time of Mr. Fair's death, his account totalled $5,151.32. Additionally, it is alleged that the decedent was possessed of certain other personal property, including a man's diamond ring and a wallet containing $100. Subsequently, the fund was transferred from the pension trust account to the deceased member's escrow account and $578.50 was paid therefrom to a funeral home, to cover a portion of decedent's funeral bill which was not paid either by social security or the Veterans Administration.

On March 17, 1971, the probate court appointed plaintiff Walton B. Moore as the administrator of the estate of Clesson F. Fair.

On March 23, 1971, plaintiff, on behalf of the estate, filed a complaint in the Court of Claims for the balance of monies remaining in the deceased member's escrow account and for the personal property mentioned above. The complaint was signed by plaintiff's attorney, but was unverified. On April 8, 1971, the defendant, the State Veterans' Facility of Michigan, filed an answer to plaintiff's complaint, claiming entitlement to decedent's escrow account by virtue of an assignment executed by the decedent in accordance with MCLA 36.11; MSA 4.878, and alleging that the personal effects of the decedent were delivered to his relatives and receipts taken therefor. Defendant's an-

swer raised no objection to the lack of verification of the complaint.

On May 11, 1971, plaintiff filed a reply to the answer, and on June 3, 1971, pretrial statements were filed by both parties.

Pretrial conference was held on June 28, 1971, at which time the plaintiff filed an amended complaint, the only change being verification of the original complaint. On August 11, 1971, the defendant filed a motion for accelerated judgment, based on the untimeliness of the verified complaint. On January 5, 1972, plaintiff answered defendant's motion and filed a petition for leave to file an amended complaint. On January 25, 1972, defendant filed a reply brief, and oral arguments were heard before the court on February 5, 1972.

A little over 1-1/2 years later, the trial court rendered an opinion, on August 10, 1973, granting defendant's motion for accelerated judgment. Pursuant to that opinion, an order for accelerated judgment was entered on September 4, 1973, and it is from this order that plaintiff appeals.

The dispositive issue before us is whether the trial court erred in granting defendant's motion for accelerated judgment, based on plaintiff's failure to verify the original complaint, as required by MCLA 600.6431(1); MSA 27A.6431(1).

The present dispute is centered on the notice requirements which must be met when an action is brought in the Court of Claims. The applicable statute, MCLA 600.6431(1); MSA 27A.6431(1), provides:

"No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its

departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, *which claim or notice shall be signed and verified by the claimant* before an officer authorized to administer oaths." (Emphasis added.)

The purpose of such statute is to apprise the governmental agency that an action is contemplated, so that they may take appropriate measures to gather evidence before the requisite information is lost. In a concurring opinion, then Judge, now Justice, LEVIN stated in *Dover & Co v United Pacific Insurance Co,* 38 Mich App 727, 730; 197 NW2d 126 (1972):

"Statutes requiring notice of claim serve a different purpose than statutes of limitations. Statutes of limitations establish an absolute time limit for the commencement of litigation. Statutes requiring notice of claim are not aimed at forestalling litigation altogether, but mainly seek to provide a governmental authority with early warning so that it can assemble information in support of a defense on the merits while the evidentiary trail is still hot.

"In recent years there has been a clear tendency in the cases to enforce notice of claim statutes less strictly than in former times. It has come to be recognized that it frequently would be excessive to treat noncompliance with a notice requirement as being as irremediable as a failure to commence an action within the time period established in a statute of limitation."

See also *Lisee v Secretary of State,* 388 Mich 32, 44; 199 NW2d 188 (1972).

The case before us provides an excellent illustration of the injustice that may occur if noncompliance with a technical aspect of the notice requirement is not allowed to be remedied. The decedent passed away on March 30, 1970; the probate court

did not appoint an administrator for the decedent's estate until March 17, 1971, less than two weeks before the one-year requirement of the statute would have expired. The original complaint was filed with commendable diligence on March 23, 1971, six days after the appointment of the administrator. The complaint was signed by plaintiff's counsel, a sworn officer of the court; however, the complaint was not signed by the complainant or verified.

Nowhere does the defendant aver that it was surprised by the bringing of this action or prejudiced by the absence of verification. The defendant would have this Court deprive plaintiff of his day in court for a mere noncompliance with a much-attacked technical aspect of the statute.

In *Meredith v City of Melvindale,* 381 Mich 572, 580; 165 NW2d 7 (1969), the Michigan Supreme Court said, in a case concerning a city charter provision requiring notice as a precondition to suit against the city, that:

"This Court is committed to the rule requiring only substantial compliance with the notice provisions of a statute or charter. See *Swanson v City of Marquette,* 357 Mich 424; 98 NW2d 574 (1959); *Pearll v City of Bay City,* 174 Mich 643; 140 NW 938 (1913); *Ridgeway v City of Escanaba,* 154 Mich 68; 117 NW 550 (1908); *Penix v City of St Johns,* 354 Mich 259; 92 NW2d 332 (1958)."

Recently, in *Nor-Cote, Inc v Wayne County,* 47 Mich App 563, 566; 209 NW2d 602 (1973), this Court considered the notice provisions of the general property tax act. Once again, commenting that the purpose of the notice statute is to provide governmental authority with forewarning, this Court stated:

"It is apparent that the courts today take a less rigid

view of a failure to comply with a provision requiring notice of claim. As we said in *Hussey v Muskegon Heights,* 36 Mich App 264, 270; 193 NW2d 421 (1971); 'deficiencies in a notice of injury and defect are not of jurisdictional import, and an injured person may not be denied his day in court on that account absent a showing by the governmental agency that it has been thereby prejudiced.' "

With respect to the more specific question of verification, we stated in *Jackson v Detroit Board of Education,* 18 Mich App 73, 80; 170 NW2d 489 (1969):

"The verification is a certification of truth. The court rule provides that an attorney who signs a complaint certifies that 'to the best of his knowledge, information and belief there is good ground to support it.' GCR 1963, 114.2. Having in mind that substantial compliance with the notice requirement is sufficient, we are persuaded that the attorney's certification was the equivalent of a verification."

Additionally, in *Davidson v State of Michigan,* 42 Mich App 80, 85; 201 NW2d 296 (1972), we noted:

"The requirements of MCLA 600.6431; MSA 27A.6431 are being construed very liberally. See *Meredith v City of Melvindale,* 381 Mich 572; 165 NW2d 7 (1969). In fact, in 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), committee comments to rule 114, p 271, the author states that the requirement of verifying a complaint 'is a useless formality'. This is also recognized by GCR 1963, 114.3 where all that is required is verification 'of the party or someone having knowledge of the facts pleaded'."

In light of defendant's failure to demonstrate in what manner it was prejudiced by the unverified complaint, we hold, in accordance with the above-quoted precedent, that plaintiff substantially com-

plied with the notice requirements of MCLA 600.6431(1); MSA 27A.6431(1) and that the trial court erred in granting defendant's motion for accelerated judgment.

In light of this disposition, we refrain from passing upon plaintiff's constitutional objections— voiced for the first time in this Court—to the foregoing notice requirements. See *Bullerman v Employment Security Commission,* 25 Mich App 242; 181 NW2d 330 (1970); *Stanek v Secretary of State,* 33 Mich App 527; 190 NW2d 288 (1971).

Reversed and remanded.

All concurred.