BATESON *v.* CITY OF DETROIT.

TAXATION—PAYMENT BY MISTAKE—RECOVERY BY TAXPAYER.

> Where a taxpayer could have determined by comparing the description assessed to him with the description in his deed that the assessment covered more land than he owned, but he voluntarily paid the taxes, he cannot recover them.

Error to Wayne; Rohnert, J. Submitted February 8, 1906. (Docket No. 108.) Decided April 3, 1906.

Assumpsit by Samuel R. Bateson against the city of Detroit for money had and received. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Lord & O'Connor,* for appellant.

*John W. McGrath* (*T. E. Tarsney,* of counsel), for appellee.

MONTGOMERY, J. On December 31, 1903, Samuel R. Bateson commenced this suit to recover for overpaid city taxes for the years 1870 to 1902, both inclusive. The plea of the statute of limitations was interposed as to taxes paid prior to six years before the suit was instituted. Plaintiff in April, 1872, received from Ralph Phelps a deed of premises described as:

"Commencing at a stake standing on the southeasterly corner of Michigan avenue and First street; thence, easterly, along the line of said lot on Michigan avenue fifty feet six inches, to a stake; thence, southerly, at right angles with Michigan avenue, to a stake standing twenty-three feet, and four inches easterly from the westerly line of said lot on First street; thence southerly on a line twenty-three feet and four inches easterly from the westerly line of said lot on First street to a stake standing on the southerly line of said lot on Abbott street; thence,

westerly, twenty-three feet four inches, to a stake standing on the northeasterly corner of Abbott and First streets; thence, along the line of said lot on First street, to the place of beginning, and being the westerly part of lot numbered 2, in block numbered 43½ in the Western addition to the city of Detroit of part of Cass farm."

He conveyed the premises so described to Elizabeth Bateson April 18, 1877.

The claim is made that he paid on property adjoining his wife's land, but not included in the description given in the deed from Phelps to him or in the deed from him to his wife, Elizabeth Bateson. No claim was made that this land, which did not belong to his wife and upon which he paid, was assessed to Ralph Phelps, the owner thereof, or that any other person paid the taxes thereon. Plaintiff's claim is that Ralph Phelps should have paid the taxes, and that plaintiff paid them by mistake of fact. In every receipt for taxes paid by him the description of the land upon which he paid was given as the "W. 50.49 feet lot of No. 2." The land which plaintiff owned from April, 1868, to April, 1877, and which Elizabeth Bateson has since owned, is a portion of lot 2, having an angular frontage on Michigan avenue on the corner of First street, but it is but 50.49 feet in width at right angles from the First street line. While Elizabeth Bateson owned 50.49 feet of the Michigan avenue frontage of lot 2, she owned but 23.33 feet on Abbott street, which is south of Michigan avenue. Phelps owns 7.25 feet of lot 2 on Abbott street. Plaintiff paid the taxes on the entire W. 50.49 feet of lot 2, while Phelps paid only upon the easterly 7.25 feet of said lot 2. No claim was made that the taxes were paid under compulsion or under protest. A verdict was directed for the defendant, and plaintiff brings error.

It is apparent that the plaintiff, when he made the payments in question, had before him the description assessed, and could have determined by a comparison of the same with the description in his deed that such assessment covered more land than he or his wife owned. The tax was vol-

untarily paid. The rule that a tax voluntarily paid cannot be recovered back, and that the taxpayer cannot aver a mistake of fact which results from his own neglect to consult the record, is too well settled to require extended citation of authorities. See 2 Cooley on Taxation (3d Ed.), p. 1495; *Manistee Lumber Co.* v. *Township of Springfield*, 92 Mich. 277. The instruction was warranted.

Judgment affirmed.

BLAIR, OSTRANDER, HOOKER, and MOORE, JJ., concurred.