WOLVERINE STEEL COMPANY v CITY OF DETROIT

OPINION OF THE COURT

1. TAXATION—ILLEGAL TAX—PAYMENT UNDER PROTEST—STATUTES.

   An error made in determining the application of the United States Constitution to the tax laws of Michigan is not the type of mistake of fact covered by the exception in the statute providing for a recovery of taxes paid as a result of clerical error or mutual mistake of fact made by the assessing officer and the taxpayer notwithstanding that the payment was not made under protest (MCLA 211.53a).

DISSENT BY O'HARA, J.

2. TAXATION—ILLEGAL TAX—PAYMENT UNDER PROTEST—STATUTES.

   *The statute permitting recovery of a tax paid because of a mutual mistake of fact made by the assessing officer and the taxpayer notwithstanding that the payment was not made under protest does not address itself to* why *the mistake was made; therefore, where there was a mutual mistake regarding the legality of a tax and a taxpayer paid a tax which it subsequently developed it did not owe and the taxing authority collected a tax which it subsequently developed it was not entitled to, both parties were mistaken as to the fact of a tax being owed and the taxpayer was entitled to reimbursement notwithstanding that the tax was paid without protest (MCLA 211.53a).*

Appeal from Wayne, Bernard H. Davidson, J. Submitted Division 1 January 11, 1973, at Detroit. (Docket No. 13407.) Decided March 27, 1973. Leave to appeal denied, 390 Mich 771.

Complaint by Wolverine Steel Company against the City of Detroit, Robert J. Temple, its Treasurer, and the School District of the City of Detroit

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur, Taxation § 943 *et seq.*
[2] 51 Am Jur, Taxation § 1167 *et seq.*

to recover property taxes. Judgment for defendants. Plaintiff appeals. Affirmed.

*Schmier, Schmier & Dakmak* and *Karbel, Eiges, Rothstein & Karbel,* for plaintiff.

*Michael M. Glusac,* Corporation Counsel, and *Lawrence W. Morgan* and *Arthur Yim,* Assistant Corporation Counsel, for defendants City of Detroit and Robert J. Temple.

*Ostrowski, Wilson, Belanger & Boman, P. C.,* for defendant School District of the City of Detroit.

Before: J. H. Gillis, P. J., and Bashara and O'Hara,* JJ.

Bashara, J. This is an action for the return of certain personal property taxes paid by plaintiff. Appellant claims these taxes were assessed in violation of art 1, § 10 of the United States Constitution as interpreted by this Court in *Detroit v Kenwal Products Corp,* 14 Mich App 657 (1968), *leave to appeal denied,* 381 Mich 811 (1969), *cert den,* 396 US 833 (1970). The lower court dismissed for no cause of action and an appeal was taken.

The appellant corporation paid personal property taxes, on August 31, 1968, on imported goods owned by it and stored in unopened boxes at various warehouses. It did so, relying on information provided to its controller in April of 1967 by an auditor from the personal property division of the Board of Assessors of the City of Detroit. While the appellant believed that it was the "efficient" cause of importation for the goods, see *Detroit v Kenwal Products, supra,* because of the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

information that had been provided to it, it did not believe that these goods were entitled to tax immunity. The payment was made without protest. See MCLA 211.53; MSA 7.97.

In December of 1968, this Court released its opinion in the *Kenwal* case. The appellant then initiated the current action claiming that under the holding of *Kenwal* its goods were unconstitutionally assessed. It further claimed that, under MCLA 211.53a; MSA 7.97(1),[1] it could recover the money paid because the incorrect payment had been made as the result of a "mutual mistake of fact made by the assessing officer and the taxpayer".

Plaintiff relies on the case of *Spoon-Shacket Co, Inc v Oakland County,* 356 Mich 151 (1959), for the proposition that equity should intervene whenever one party, public or private, seeks unjustly to enrich himself at the expense of another as a result of his own mistake. Further, that a taxpayer should be able to recover mistakenly or inadvertently levied taxes.

In that case, however, the plaintiff had attempted to pay the tax under protest and such protest was refused. The facts of the instant case reflect that no such protest was made.

On the facts as presented, contrary to the trial court's ruling, we believe that a "mutual mistake" was made. However appellant is still not entitled to recovery under MCLA 211.53a; MSA 7.97(1). An error made in determining the application of the

---

[1] Sec. 53a.

"Any taxpayer who is assessed and pays taxes in excess of the correct and lawful amount due because of a clerical error or mutual mistake of fact made by the assessing officer and the taxpayer may recover the excess so paid, without interest, if suit is commenced within 3 years from the date of payment, notwithstanding that the payment was not made under protest."

United States Constitution to the tax laws of Michigan is not the type of mistake of fact required by this statute. MCLA 211.53a applies to excess taxes paid because of a *"clerical error* or mutual mistake of *fact* made by the assessing officer and the taxpayer". (Emphasis added.) When the words "mutual mistake of fact made by the assessing officer and the taxpayer" are construed in the light of the other type of mistakes covered by this section, *i.e.,* a "clerical error", it seems clear that the statute was not intended to apply to mistakes in determining the application of the United States Constitution to the tax laws of Michigan. This would not generally be assumed to be within the province of a taxpayer and the tax assessor. We believe § 53a alludes to questions of whether or not the taxpayer had listed all of its property, or listed property that it had already sold or not yet received, etc.

This interpretation can be confirmed by looking at MCLA 211.53b; MSA 7.97(2). This section is provided as an "alternative" method of treating a "clerical error or a mutual mistake of fact". MCLA 211.53b; MSA 7.97(2). This section reads in relevant part:

"As an alternative to section 53 [MCLA 211.53; MSA 7.97], whenever there has been a clerical error or a mutual mistake of fact relative to the correct assessment figures, *the rate of taxation or the mathematical computation relating to the assessing of taxes."* (Emphasis added.)

Statutes in *pari materia* are to be construed together. Sections MCLA 211.53a and MCLA 211.53b both deal with procedures for correcting "clerical errors" and "mutual mistakes of fact". MCLA 211.53b lists simple errors in assessment, application of the proper rate, and mathematics as the

types of "mutual mistake of fact" it is intended to deal with. It does not list anything like the type of "mutual mistakes of fact" claimed by the appellant to have been made here. *Expressio unius est exclusio alterius.* When certain things are specified in a law intention to exclude all others from its operation may be inferred. This would seem to be particularly true when the type of error that is claimed to have been made is generically different from those listed in the statute.

Case law in Michigan also indicates that the appellant may not recover, because if any mistake did occur it was not a mistake of "fact". In *Upper Peninsula Generating Co v Marquette,* 18 Mich App 516 (1969), the plaintiff had paid ad valorem taxes for the years 1965 and 1966. Sometime in 1967 the plaintiff became convinced that the taxes had been illegally assessed because the millage had been in excess of the 15-mill limitation imposed by art 9, § 6 of the Michigan Constitution of 1963, and had not received the approval of the electorate. The plaintiff sought recovery under MCLA 211.53a as does the appellant here. This Court denied recovery holding that an error of the type made could not be characterized as a "mistake of fact".

The error made in the *Upper Peninsula* case was the same type of error that was made in the present case. In the *Upper Peninsula* case the City of Marquette levied taxes in violation of the Michigan Constitution. In the present case the appellees levied taxes in violation of the United States Constitution. In both cases the plaintiff and the defendants thought that the taxes were valid at the time they were paid. In the *Upper Peninsula* case this was held not to be an error of fact within the meaning of the statute. The same result must,

therefore, be reached in the present case; particularly where the alleged advice was rendered more than 1-1/2 years prior to the entry of this Court's decision in *Kenwal, supra.*

If it were within our province to decide solely upon equitable relief we would agree with plaintiff that recovery should be allowed. However, MCLA 211.53; MSA 7.97, provides a method for paying taxes under protest and §§ 53a and 53b of the statute previously quoted allow us specific limits within which to consider a refund where protest was not made at the time of payment.

Although, from the point of view of the appellant the result may seem harsh, the law in Michigan is clear. If a party believes that it is paying taxes illegally assessed and it does not pay them under protest as provided in MCLA 211,53; MSA 7.97, the tax may not be recovered if it is later found to be void.

Affirmed.

J. H. GILLIS, P. J., concurred.

O'HARA, J. *(dissenting).* I conceive the issue in this case somewhat differently than do my esteemed colleagues.

The majority opinion as I read it turns upon the failure of the taxpayer to pay the assessed tax under protest.

This is a strong indication of mistake. Had the company paid the tax under protest it would signify to me that the company knew exactly what it was doing and could not later be heard to claim the tax was mistakenly paid. It seems to me the company believed it owed the tax, and that the taxing authority believed it was entitled to pay-

ment of the amount assessed. Both were quite obviously wrong.

The situation here presented is one which the Legislature intended to correct when it used the phrase "mutual mistake of fact" in the statute.[1]

All the components of the phrase must be present to afford the relief provided. That the mistake was generated by a subsequent judicial holding is not to the point. The statute does not address itself to the issue of *why* the mistake was made.

So we have the element of *mistake.* Next query is, was it mutual? Certainly the taxpayer was mistaken since it paid a tax admittedly it need not have. Certainly the city was mistaken or it would not have accepted payment of a tax it knew was not owed.

So now we have "mistake" and "mutuality". The only question left is, was it a mistake "of fact"?

I know of no nice, clean, razor-sharp delineation between mistakes of law and fact in a generic sense. Nor is this to be wondered at, because law, as such, does not exist outside of a factual circumstance.

Black's Law Dictionary (4th ed), p 706, defines "fact" as: "A thing done; an action performed or an incident transpiring; an event or circumstance; an actual occurence". All of the above fit what happened here. A taxpayer paid a tax which it subsequently developed it did not owe. The taxing authority collected a tax which it subsequently developed it was not entitled to. The composite of these two is a fact. It happened. It was a thing done. Both parties were mistaken as to the fact of a tax being owed.

I think the taxpayer should get his money back.

---

[1] MCLA 211.53a; MSA 797(1).

Anything less would be unconscionable. To avoid this result is the intendment of the statute.

I vote to reverse; to order reimbursement of the tax paid without interest, and I would assess no costs.