FORD MOTOR COMPANY v BRUCE TOWNSHIP

Docket No. 246579. Submitted June 9, 2004, at Detroit. Decided October 5, 2004, at 9:00 a.m. Leave to appeal sought.

Ford Motor Company petitioned the Tax Tribunal for relief from excess personal property taxes paid to Bruce Township, respondent, under MCL 211.53a. The mutual mistake of fact claimed by Ford was Ford's double reporting of certain assets, which caused double assessments by the assessor. The Tax Tribunal, on its own motion, entered an order of dismissal on the bases that Ford had not protested the assessments at the board of review, that the assessments were not the result of either clerical error or mutual mistake of fact as required by MCL 211.53a, and that the tribunal had no subject-matter jurisdiction. The Court of Appeals, TALBOT, P.J., and WILDER and MURRAY, JJ., in an unpublished order, issued September 13, 2002, reversed and remanded the case to the tribunal to address the matters of joinder and substitution of parties (Docket No. 240649). Before the tribunal, Ford moved to substitute parties and make minor corrections in the petition. The tribunal granted Ford's motion to substitute, denied its motion for leave to amend, and dismissed the petition on the ground that Ford had not properly invoked the tribunal's subject-matter jurisdiction. The petitioner appealed.

The Court of Appeals *held*:

1. The Tax Tribunal has exclusive and original subject-matter jurisdiction over certain property tax proceedings, including proceedings for a refund under the property tax laws. MCL 205.731, 211.53a. MCL 211.53a requires either a clerical error—typing, transposing, or calculating incorrectly—or a mutual mistake of fact for a petitioner to qualify for recovery of excess taxes paid.

2. As a basis of its claim for refund, the petitioner asserted that there occurred a mutual mistake of fact resulting in the overpayments. MCL 211.53a. A unilateral mistake is not a basis for recovery. The direct cause of the petitioner overpaying taxes was its own mistake concerning the nature of its personal property, i.e., the erroneous belief that it owned specific personal property that was taxable. The assessor's mistake was his erroneous belief that

the petitioner's disclosure of property was accurate. That is not the same mistake, and there is not a mutual mistake of fact.

3. The petitioner sought the use of contract law principles to support its claim for refunds. Contract law principles are not necessarily analogous to tax law principles. The relationship between a taxpayer and the tax assessor is created and governed by constitutional and statutory law, not by a voluntary, bargained exchange of obligations. Even in equity, mistakes that are the result of a party's own negligence and to its detriment are not relieved.

Affirmed.

GRIFFIN, P.J., dissenting, stated that the tribunal committed several errors requiring reversal. It did have subject-matter jurisdiction to review the claim in this case. The tribunal, in ruling that Ford's mistake was unilateral, even though acted on by the assessor, too narrowly limited the definition of mutual mistake, effectively eliminating personal property from the protection of MCL 211.53a. The mistake of fact in this case was the same for both parties, that is, both parties, mutually, relied on the property listed on the personal property statement as being taxable to Ford. Given this mutual mistake of fact, Ford was appropriately seeking relief under the statute.

The tribunal had no authority to dismiss sua sponte Ford's claim. None of the applicable Administrative Code sections, the court rules, or the default statutes, MCL 24.271 through 24.287, gives the tribunal the authority to dismiss the claim without motion and response by the parties. Before final hearing, the tribunal may offer a proposed opinion to the petitioner and allow it to respond, MCL 24.281, but the dismissal in this case was an unwarranted grant of summary disposition for failure to state a claim without the benefit of briefs or motions.

The tribunal erred in not allowing Ford to amend its petition. A motion to amend should be granted unless a particularized reason exists. *Sands Appliances Services, Inc v Wilson*, 463 Mich 231, 239-240 (2000). The tribunal's reasons for dismissal do not rise to the level of the particularized reasons necessary for denying a motion to amend a petition.

Judge GRIFFIN would reverse and remand for further proceedings.

TAXATION — VOLUNTARY PAYMENT — RECOVERY — MUTUAL MISTAKE OF FACT.

A taxpayer who, without protest, pays an excess amount of taxes, the basis of which excess amount is the taxpayer's erroneous filing of

a statement of personal property, a unilateral mistake, may not recover the overpayments through the Tax Tribunal by claiming mutual mistake of fact (MCL 211.53[a]).

*Honigman Miller Schwartz and Cohn* (by *John S. Kane*) for the petitioner.

*Seibert and Dloski, PLLC* (by *Lawrence W. Dloski*), for the respondent.

Amicus Curiae:

*Robert S. LaBrant* for the Michigan Chamber of Commerce.

Before: GRIFFIN, P.J., and CAVANAGH and FORT HOOD, JJ.

CAVANAGH, J. Petitioner appeals as of right the dismissal of its petition for review by the Michigan Tax Tribunal (MTT) on the ground that it lacked subject-matter jurisdiction.[1] We affirm.

On February 19, 2002, petitioner filed its petition for review pursuant to MCL 211.53a for recovery of excess tax payments not made under protest. It averred that, because of a mutual mistake of fact, it had paid taxes in excess of the correct and lawful amount since "Petitioner and Respondent did not realize at the time the personal property tax statements were filed that Petitioner was double reporting certain assets." Specifically, petitioner claimed that its inadvertent double reporting on its personal property statements caused respondent to assess the personal property twice and petitioner to

---

[1] Petitioner asserted the same claims against the city of Woodhaven and Wayne County, as well as against the city of Sterling Heights, which were similarly dismissed by the MTT. The appeals that followed, Docket Nos. 246378 and 246379 respectively, were resolved by substantially similar opinions issued on the same day as this opinion.

pay taxes twice on the same property, which constituted a mutual mistake of fact under MCL 211.53a.

On March 13, 2002, the MTT sua sponte entered an order of dismissal of the action. The MTT held, in pertinent part, that petitioner had not properly invoked its subject-matter jurisdiction under MCL 205.735 because petitioner had not protested the assessments at issue to its board of review. The MTT further held that the assessments at issue were not the result of either a clerical error or a mutual mistake of fact because the assessments resulted solely from petitioner's failure to properly prepare its personal property statements. The MTT, citing *Int'l Place Apartments–IV v Ypsilanti Twp*, 216 Mich App 104, 109; 548 NW2d 668 (1996), and *Wolverine Steel Co v Detroit*, 45 Mich App 671, 674; 207 NW2d 194 (1973), noted that the "mere presence of an erroneous assessment does not suffice as either a clerical error or mutual mistake of fact," and, thus, petitioner failed to properly invoke the MTT's subject-matter jurisdiction under MCL 211.53a. Finally, the MTT noted that the remedy for the incorrect reporting of personal property is through the filing of a petition with the Michigan State Tax Commission under MCL 211.154.

Petitioner filed its claim of appeal with this Court and, without reaching the merits of the appeal, the order of dismissal was reversed and the matter remanded to the MTT for the purpose of addressing the issue of necessary joinder or substitution of parties. *Ford Motor Co v Romeo*, unpublished order of the Court of Appeals, entered September 13, 2002 (Docket No. 240649). Thereafter, petitioner submitted a motion to the MTT to amend its petition to substitute Bruce Township for the city of Romeo as respondent and to make minor corrections in the petition. The amended

petition averred that it was filed pursuant to MCL 211.53a for a refund of personal property taxes paid as a result of a mutual mistake in that property was reported twice and assessed twice. It further averred that the MTT had original and exclusive jurisdiction over the matter pursuant to MCL 205.731(b) because it was a proceeding for a tax refund under the property tax laws. On January 17, 2003, the MTT granted petitioner's motion to substitute, denied its motion for leave to file an amended petition, and dismissed the petition on the ground that petitioner had not properly invoked the MTT's subject-matter jurisdiction. This appeal followed.

Petitioner argues that the MTT erroneously concluded that it lacked subject-matter jurisdiction over the petition, which sought a refund of excess taxes paid, pursuant to MCL 205.731(b), as a result of a mutual mistake of fact, as required by MCL 211.53a. We agree with petitioner that the MTT had jurisdiction, but uphold the decision to dismiss on the substantive basis of the MTT's holding—that petitioner failed to state a claim on which relief could be granted, MCR 2.116(C)(8). We review a decision of the MTT to determine whether it committed an error of law or adopted a wrong legal principle; factual findings supported by competent, material, and substantial evidence on the whole record will not be disturbed. *Professional Plaza, LLC v Detroit*, 250 Mich App 473, 474; 647 NW2d 529 (2002); *Michigan Milk Producers Ass'n v Dep't of Treasury*, 242 Mich App 486, 490-491; 618 NW2d 917 (2000).

The Tax Tribunal Act, MCL 205.703 *et seq.*, grants the MTT exclusive and original jurisdiction over property tax proceedings as follows:

> The tribunal's exclusive and original jurisdiction shall be:

(a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws.

(b) A proceeding for refund or redetermination of a tax under the property tax laws. [MCL 205.731.]

Petitioner argues that, pursuant to MCL 205.731(b), the MTT had jurisdiction over its petition for a refund under the property tax laws, namely, MCL 211.53a of the General Property Tax Act, which provides:

Any taxpayer who is assessed and pays taxes in excess of the correct and lawful amount due because of a clerical error or mutual mistake of fact made by the assessing officer and the taxpayer may recover the excess so paid, without interest, if suit is commenced within 3 years from the date of payment, notwithstanding that the payment was not made under protest.

Relying on *Shell Oil Co v Estate of Kert*, 161 Mich App 409, 421-422; 411 NW2d 770 (1987), a contract case, petitioner claims that the excess payment was the result of a "mutual mistake of fact" within the contemplation of the statute because "Ford mistakenly identified this property twice on its personal property statement, and the assessor mistakenly based the assessment on that non-existent property's putative value." Because the MTT is vested with the power and authority to adjudicate tax refund cases, it had subject-matter jurisdiction over petitioner's petition. See *In re AMB*, 248 Mich App 144, 166-167; 640 NW2d 262 (2001). Accordingly, we turn to the substantive basis for the MTT's holding—that petitioner failed to state a claim on which relief could be granted. See MCR 2.116(C)(8).

The meaning of the phrase "mutual mistake of fact" as provided in MCL 211.53a presents an issue of statu-

tory construction. In construing a statute, our goal is to ascertain, and give effect to, the intent of the Legislature; thus, we first consider the statute's language. *In re MCI*, 460 Mich 396, 411; 596 NW2d 164 (1999). If the plain and ordinary meaning of the language is clear, judicial construction is neither necessary nor permitted. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236-237; 596 NW2d 119 (1999). The fair and natural import of its terms, in view of the subject matter of the law, governs. *In re Wirsing*, 456 Mich 467, 474; 573 NW2d 51 (1998). On March 8, 2000, the MTT issued an "order designating definition of 'mutual mistake of fact' as precedent" as that phrase is used in MCL 211.53a. *General Products Delaware Corp v Leoni Twp*, 2001 WL 432245 (MTT Docket No. 249550, March 8, 2001). We accord deference to the MTT's interpretation of a statute that it is legislatively charged with enforcing, although we are not bound by that interpretation. See *Judges of the 74th Judicial Dist v Bay Co*, 385 Mich 710, 727-729; 190 NW2d 219 (1971); *Bechtel Power Corp v Dep't of Treasury, Revenue Div*, 128 Mich App 324, 329; 340 NW2d 297 (1983).

MCL 211.53a was enacted following our Supreme Court's decision in *Consumers Power Co v Muskegon Co*, 346 Mich 243; 78 NW2d 223 (1956),[2] which held that equitable principles did not apply to cases seeking recovery of excess taxes paid by mistake because taxation powers are controlled by constitutional and statutory provisions. *Id.* at 247-251. In that case, the respondent's assessor calculated and levied the excess tax, and the petitioner, which failed to discover that the amount was excessive, paid the tax. The excess tax was the result of the assessor misplacing the decimal point

---

[2] *Consumers Power Co, supra,* was overruled in part by *Spoon-Shacket Co, Inc v Oakland Co,* 356 Mich 151, 171; 97 NW2d 25 (1959).

when entering the tax data into the tax and assessment rolls so that instead of, for example, the proper tax of $32.94 being entered, the erroneous tax of $329.40 was entered. *Id.* at 251-253 (Smith, J., dissenting). In other words, the error was not based on misinformation, it was based on an obvious clerical or arithmetic mistake. The Court concluded that "[t]o grant the relief requested by the plaintiff would require this Court to exercise legislative prerogatives—namely, to write into the statute the right to recover taxes paid under mutual mistake." *Id.* at 251.

Subsequently, in 1958 the Legislature exercised its authority and provided a limited remedy in cases of excess taxation, i.e., "Any taxpayer who is assessed and pays taxes in excess of the correct and lawful amount due because of a clerical error or mutual mistake of fact made by the assessing officer and the taxpayer may recover the excess so paid . . . ." MCL 211.53a. In 1967, the Legislature more directly addressed the issue raised in *Consumers Power Co, supra,* by enacting MCL 211.53b(1), which begins: "If there has been a clerical error or a mutual mistake of fact relative to the correct assessment figures, the rate of taxation, or the mathematical computation relating to the assessing of taxes . . . ." MCL 211.53b(2) granted the right of recovery to both the taxpayer and the assessing officer.

There are, however, clear limits to a taxpayer's right to recover excess tax payments under MCL 211.53a. A mistake of law, rather than of fact, does not accord relief. *Noll Equipment Co v Detroit,* 49 Mich App 37, 41-43; 211 NW2d 257 (1973). An error that is not clerical in nature—the result of typing, transposing, or calculating assessment figures incorrectly—is not correctable under the statute. *Int'l Place Apartments-IV, supra* at 109. Similarly, the statute does not permit

recovery of excess taxes paid because of a unilateral mistake of fact, i.e., a mistake of fact that is not made by both the assessing officer and the taxpayer. It is this mutuality requirement with regard to the mistake of fact that is at issue here. Precisely, what is a "mutual mistake of fact made by the assessing officer and the taxpayer"? MCL 211.53a.

This is an issue of first impression. The phrase "mutual mistake" has "acquired a peculiar and appropriate meaning in the law," MCL 8.3a, so we may first turn to a legal dictionary in an attempt to ascertain its meaning. See *People v Jones*, 467 Mich 301, 304-305; 651 NW2d 906 (2002). Black's Law Dictionary (7th ed) defines "mutual mistake" as "[a] mistake in which each party misunderstands the other's intent" and as "[a] mistake that is shared and relied on by both parties to a contract." A "mistake" is defined as "[a]n error, misconception, or misunderstanding; an erroneous belief." *Id*. In the context of property tax law, neither definition of "mutual mistake" is very helpful except that we may derive that implicit in the concept of mutuality is a temporal or "at the same time" component. That is, for something to be mutual, it must be shared by or common to both parties. So, a "mutual mistake of fact" is a shared or common error, misconception, misunderstanding, or erroneous belief about a material fact. MCL 211.53a, then, requires that both the assessing officer and the taxpayer have the same erroneous belief regarding the same material fact, which belief directly caused both the excess assessment and excess payment of taxes.

Here, the assessing officer and the taxpayer, petitioner, were not operating under the same mistake of fact. The direct cause of the excess assessment was the assessing officer's reliance on petitioner's personal

property statements, which were represented as full
and true statements of all tangible personal property
owned or held by petitioner.[3] It is undisputed that the
assessing officer did not conduct any independent in-
ventory of petitioner's assets. Accordingly, the asses-
sor's "mistake of fact" was his erroneous belief that
petitioner's disclosure of property was accurate. The
direct cause of petitioner's excess payment of the taxes
was its own mistake concerning the nature of its
personal property. In other words, its "mistake of fact"
was its erroneous belief that it owned specific personal
property that was taxable. Because the assessing officer
and petitioner were not operating under the same
mistake of fact, a refund under MCL 211.53a was not
available and petitioner failed to state a cognizable
claim under MCL 205.735.

The key to the "mistake of fact" analysis under MCL
211.53a is to determine what mistake of fact directly
caused the assessor's excess assessment and compare it
to the mistake of fact that directly caused the taxpayer's
excess payment. If they are the same, the mutuality
requirement of MCL 211.53a is met. When an assessor
assesses a tax in excess of the correct and lawful
amount and the taxpayer pays it, there is always a
mistake that is mutual in the sense that both parties
made a mistake; but, there is not always a "mutual
mistake of fact." If the assessor's over-assessment re-
sulted from an error in professional judgment with
regard to the subject property and the taxpayer's over-
payment was the consequence of oversight, there would
be no "mutual mistake of fact" giving rise to a remedy

---

[3] In *General Products Delaware Corp*, as discussed above, the MTT
held that such consideration of the petitioner's personal property tax
statement was irrelevant to the "mistake of fact" determination. *Id.* at
37-39. We disagree because reliance on the statement directly caused the
excess tax assessment.

under MCL 211.53a, albeit there may be a remedy available under MCL 211.154.[4] However, for example, if the assessor's error was because of his reliance on an incorrect survey representation by a third party of a boundary line and the taxpayer paid the taxes relying on that same misrepresentation, there would be a mutual mistake of fact for which relief would be available under MCL 211.53a.

The Tax Tribunal attempted to explain this nebulous concept of "mutual mistake" as it applies to property tax law as follows:

> Mutuality occurs at an intersection of the parties' respective specific focus upon a singular fact or set of facts, and the resulting mistaken belief. That is, the statute's phrase "mutual mistake of fact" necessitates mutuality as to both the referenced fact being materially the same information, specifically contemplated by both parties, and the mistaken belief concerning that fact be formed by both parties.
>
> The concept of mutual mistake in property tax law, in its application, is that mutuality must be present at both the level of referenced fact and the mistaken belief. The test criteria is [sic, are] simple. If each party references the same factual data, but draws different mistaken beliefs, or references different factual data, but draws the same mistaken belief, there is no "mutual mistake of fact." [*General Products Delaware Corp, supra* at 21, 22.]

We generally agree with the MTT's characterization of the "mutuality" test, but we find it more complicated than necessary. It and the MTT's thirty-plus-page opinion on the matter are not "user friendly." Comparing the "mistake of fact" that directly caused the assessor's excess assessment to the "mistake of fact" that directly caused the taxpayer's excess payment will provide the

---

[4] Accordingly, the dissent's apparent concern that no remedy is available in the event of such unilateral mistakes is not persuasive.

necessary information to determine whether the requisite mutuality for recovery under MCL 211.53a exists.

Petitioner relies on contract law principles to support its interpretation of the phrase "mutual mistake of fact" as "a belief by one or both of the parties not in accord with the facts," that "relate[s] to a basic assumption of the parties upon which the contract is made and which materially affects the agreed performances of the parties." See *Shell Oil Co, supra* at 421-422. The MTT rejected the proposition that the "mutual mistake" terminology used in contract law is equally applicable to property tax law. See *General Products Delaware Corp, supra* at 29-31. We agree. Contract law principles are not necessarily analogous to tax law principles. The relationship between the parties to a contract is vastly different from the association between the taxpayer and the tax assessor. A contractual relationship arises by contract—a bargained exchange of obligations entered into by choice and requiring mutual assent or a "meeting of the minds" on all essential terms—and the relationship is governed by those terms. *Quality Products & Concepts Co v Nagel Precision, Inc,* 469 Mich 362, 372-373; 666 NW2d 251 (2003). The taxpayer and the tax assessor's association arises by operation of law and is governed by the law. Equitable principles may relieve contracting parties of obligations induced by mistake—particularly because a mutual mistake of fact destroys the necessary "meeting of the minds" requirement for formation—but such principles are not equally necessary, or applicable, in the area of tax law. See *Consumers Power Co, supra* at 246-251. Contrary to the dissent, it should be apparent that we are not relying on "equitable considerations," as might be applicable in contract law cases, in construing the term "mutual mistake."

However, even if such equitable principles did apply to property taxation disputes, as petitioner promotes, these principles would not intercede to provide relief unless there were a "mistake" of fact. The traditional mistake-of-fact doctrine found in contract law is an equitable doctrine that defines "mistake" as follows:

> A mistake within the meaning of equity is a non-negligent but erroneous mental condition, conception, or conviction induced by ignorance, misapprehension, or misunderstanding, resulting in some act or omission done or suffered by one or both parties, without its erroneous character being intended or known at the time. [27A Am Jur 2d, Equity, § 7, pp 525-526.]

In other words, "mistakes" that are the result of the mistaken party's own negligence, and which are to their detriment, are not relieved by equity. See, e.g., *Bateson v Detroit*, 143 Mich 582, 584; 106 NW 1104 (1906); *Dombrowski v Omer*, 199 Mich App 705, 709-710; 502 NW2d 707 (1993); *Villadsen v Villadsen*, 123 Mich App 472, 477; 333 NW2d 311 (1983).

This concept of "negligent" mistakes is not novel; rather, in contract law a party to a contract will not be relieved of his obligation to perform unless (1) both parties were mistaken regarding a material fact, *Gortney v Norfolk & Western R Co*, 216 Mich App 535, 542; 549 NW2d 612 (1996), or (2) one party's negligence led the other party to erroneously believe there was a meeting of the minds regarding a material fact, *Warren v Maccabees Mut Life Ins Co*, 83 Mich App 310, 315; 268 NW2d 390 (1978). "[The] parties are mutually mistaken, though their mental errors are not quite identical. In spite of this 'mutuality,' there is a contract, due to the negligence of the one and the reasonableness of the other." *Id.*, quoting 3 Corbin, Contracts, § 608, p 671. Further, as explained by our Supreme Court in

*Spoon-Shacket Co, Inc v Oakland Co,* 356 Mich 151, 156; 97 NW2d 25 (1959), citing the dissenting opinion in *Consumers Power Co, supra* at 251, "equity can and should intervene whenever it is made to appear that one party, public or private, seeks unjustly to enrich himself at the expense of another on account of his own mistake and the other's want of immediate vigilance—litigatory or otherwise." So, neither equitable principles nor the dissenting position espoused in *Consumers Power Co* support an equitable recovery under MCL 211.53a when the purported "mistake of fact" that led to the excess tax was the direct result of the taxpayer's negligence.

We also note and disagree with the interpretation of MCL 211.53a set forth as obiter dictum in *Wolverine Steel Co, supra* at 674: "We believe § 53a alludes to questions of whether or not the taxpayer had listed all of its property, or listed property that it had already sold or not yet received, etc." This interpretation does not incorporate the "mutuality" component of the analysis and, thus, is rejected. MCR 7.215(J)(1). The *Wolverine Steel Co* Court also implied that MCL 211.53a and 211.53b were to be read in pari materia so as to limit the type of "mutual mistakes of fact" referenced in MCL 211.53a to those explicitly stated in MCL 211.53b, i.e., "mutual mistake[s] of fact relative to the correct assessment figures, the rate of taxation, or the mathematical computation relating to the assessing of taxes. . . ." *Id.* at 674. The MTT also adopted that very narrow interpretation of MCL 211.53a through the use of the in pari materia rule of statutory interpretation, declaring that MCL 211.53a is specifically limited in application to those special circumstances relieved under MCL 211.53b. *General Products Delaware Corp, supra* at 24. However, as argued by amicus curiae, the Michigan Chamber of Commerce, such a restrictive interpreta-

tion of MCL 211.53a ignores the clear legislative intent not to so limit the types of "mutual mistakes of fact" as evidenced by the omission of such provision. See *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993). Neither we nor the MTT may engraft such a limitation. See *id.*

In sum, the MTT properly concluded that petitioner was not entitled to relief under MCL 211.53a. Petitioner was not assessed and did not pay taxes in excess of the correct and lawful amount due because of a mutual mistake of fact made by itself and the assessing officer. MCL 211.53a. But, did the MTT have the right to dismiss the petition sua sponte? The Tax Tribunal rules, 1999 AC, R 205.1101 *et seq.*, do not address such dismissals; therefore, we turn to the Michigan Court Rules. 1999 AC, R 205.1111(4). MCR 2.116(I)(1) provides: "If the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the court shall render judgment without delay." Here, the dispositive issue was one of law; specifically, the construction of MCL 211.53a. There were no disputed issues of fact. The pleadings showed that respondent was entitled to judgment as a matter of law because the averred over-assessment and excess payment were not the result "of a clerical error or mutual mistake of fact made by the assessing officer and the taxpayer . . . ." MCL 211.53a. Accordingly, the MTT had the right, and duty, to dismiss the action. MCR 2.116(I)(1). For this reason, the MTT properly denied petitioner's motion to amend its petition because such amendment would be futile—recovery is not afforded on the grounds asserted. See MCL 205.731, 211.53a; *Lane v KinderCare Learning Centers, Inc*, 231 Mich App 689, 697; 588 NW2d 715 (1998).

Petitioner also contends that the MTT inappropriately relied on MCL 205.735. However, the MTT's reference to MCL 205.735(2) (which confers jurisdiction on the MTT over assessment disputes) was likely an effort to illustrate the thorough nature of its consideration of petitioner's petition alleging overpayment by means of double payment and need not be considered further here because petitioner disavows an assessment dispute.

Affirmed.

FORT HOOD, J., concurred.

GRIFFIN, P.J. (*dissenting*). Petitioner appeals as of right the Michigan Tax Tribunal's sua sponte order of dismissal and order denying leave to amend the petition. The tribunal ruled that it lacked subject-matter jurisdiction to adjudicate this case in which petitioner sought a refund of overpaid personal property taxes pursuant to MCL 211.53a. I would reverse and remand for further proceedings and, therefore, respectfully dissent.

I

"Absent fraud, this Court's review of the Tax Tribunal's decision is limited to determining whether the tribunal erred in applying the law or in adopting a wrong legal principle." *Michigan Bell Tel Co v Dep't of Treasury*, 229 Mich App 200, 206; 581 NW2d 770 (1998). This Court reviews de novo issues involving interpretation and application of statutes, including tax statutes, because they are questions of law. *Danse Corp v Madison Hts*, 466 Mich 175, 178; 644 NW2d 721 (2002).

In this proceeding, the tribunal committed several errors requiring reversal. The most obvious is its ruling

that it lacked subject-matter jurisdiction to adjudicate petitioner's claim for a tax refund. In this regard, the tribunal confused the issue of subject-matter jurisdiction, MCR 2.116(C)(4), with the defense of failure to state a claim on which relief can be granted, MCR 2.116(C)(8).

Subject-matter jurisdiction is defined as follows:

> In *Joy v Two-Bit Corporation*, 287 Mich 244, 253 [288 NW 45 (1938)], we quoted with approval from *Richardson v Ruddy*, 15 Idaho 488 [494-495] (98 P 842) [1908], as follows:
>
> > "Jurisdiction over the subject matter is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial." [*In re Chambers Estate*, 333 Mich 462, 468-469; 53 NW2d 335 (1952).]

See also *In re Hatcher*, 443 Mich 426, 437; 505 NW2d 834 (1993); *People v Eaton*, 184 Mich App 649, 652-653; 459 NW2d 86 (1990), aff'd 439 Mich 919 (1992).

In the present case, the tribunal dismissed the case on the ground that it lacked subject-matter jurisdiction because petitioner did not allege a mutual mistake as required by MCL 211.53a. However, the substantive basis for this ruling was the tribunal's conclusion that petitioner failed to state a claim on which relief could be granted.

MCL 205.731(b) provides in part: "The tribunal's exclusive and original jurisdiction shall be: . . . (b) A proceeding for refund or redetermination of a tax under the property tax laws."

The nature of the claim at issue is plainly set forth in the petition, which requests the tribunal to "order a refund of the excess taxes paid." Clearly, such a proceeding for a refund of property taxes falls within the exclusive and original jurisdiction of the Tax Tribunal. Therefore, the tribunal had subject-matter jurisdiction, and its dismissal on this basis was an error of law. *In re Chambers Estate, supra,* and *In re Hatcher, supra.*

II

Next, petitioner argues that the tribunal erred in determining that petitioner failed to allege a mutual mistake of fact as required by MCL 211.53a. I agree. As stated, we review the tribunal's decisions to determine whether it erred in applying the law or in adopting a wrong legal principle. *Michigan Bell Tel Co, supra* at 206. But we review de novo issues involving interpretation and application of statutes, including tax statutes. *Danse Corp, supra* at 178. MCL 211.53a states:

> Any taxpayer who is assessed and pays taxes in excess of the correct and lawful amount due because of a clerical error or mutual mistake of fact made by the assessing officer and the taxpayer may recover the excess so paid, without interest, if suit is commenced within 3 years from the date of payment, notwithstanding that the payment was not made under protest.

The tribunal ruled that the mistake alleged in this case (double taxation of the same personal property) amounted to a unilateral mistake committed only by petitioner. The tribunal stated that this mistake could not be imputed to respondent, despite the fact that respondent relied on petitioner's reporting mistake in assessing the taxes. Essentially, the tribunal ruled that no mutual mistake occurred because the parties arrived

at their mistaken beliefs from different bases. However, in reaching this conclusion, the tribunal inappropriately relied on *Int'l Place Apartments-IV v Ypsilanti Twp*, 216 Mich App 104; 548 NW2d 668 (1996).

*Int'l Place Apartments-IV* dealt solely with a claimed clerical error. This Court attempted to define what "clerical error" meant, as that term is used by the Legislature in MCL 211.53b. *Int'l Place Apartments-IV*, *supra* at 108-109. *Int'l Place Apartments-IV* neither mentioned MCL 211.53a nor involved a mutual mistake of fact. Therefore, any reliance on that case in determining the meaning of mutual mistake of fact in MCL 211.53a is inappropriate. Further, MCL 211.53b contains restrictive language limiting mutual mistake to certain situations. In construing a statute, the omission of a provision in one statute included in another statute is presumed intentional. "Courts cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then, on the basis of that assumption, apply what is not there." *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993).

The tribunal's definition of mutual mistake is excessively narrow. It would effectively eliminate personal property from the protection of MCL 211.53a. According to MCL 211.18(2), personal property is assessed after the individual taxpayer creates a personal property statement. Usually, the assessor then relies on this personal property statement to assess the taxes. Under the tribunal's ruling, any mistake in inclusion of exempt property or doubly reported property would always be a unilateral mistake because the taxpayer acts alone in creating the property statement. Therefore, any tax on this property would not be refundable under MCL 211.53a. This is true even though both the tax-

payer and the assessor are mistaken regarding whether the property exists or if it is taxable.

The amicus curiae, Michigan Chamber of Commerce, persuasively argues as follows:

> The Tribunal then held that "it is reasonable for the assessing officer to rely on the property tax statement in determining the property's assessment" but "said reliance does not, however, give rise to a mutual mistake of fact as the mistake, if any, was made solely by the taxpayer in its preparation of the personal property statement . . . ." Tribunal Order at 2. The Tribunal's conclusion is illogical. The Chamber agrees that "it is reasonable for the assessing officer to rely on the personal property statement." It is this very reliance, however, that makes the mistake of fact mutual. When a taxpayer erroneously reports duplicate property on its property tax statement, the taxpayer has made a mistake of fact—that the duplicate property exists when it does not. When the assessing officer relies on the facts represented in the personal property statement in preparing the tax assessment, the assessing officer shares the mistaken belief that the duplicate property exists. Indeed, if the assessing officer had assessed the property without the requisite belief that the property existed, the officer would have been committing a crime. See MCL 211.116 (providing that "[i]f any . . . assessing officer . . . shall willfully assess any property at more or less than what he believes to be its true cash value, he shall be guilty of a misdemeanor . . . ."). It is clear that, based on the facts alleged, there was a mutual mistake of fact.

Mutual mistake has become a term of art. Reference to a legal dictionary is appropriate in a discussion of the meaning of a term of art. *Hagerman v Gencorp Automotive,* 457 Mich 720, 729 n 5; 579 NW2d 347 (1998). Black's Law Dictionary (7th ed) defines mutual mistake as "[a] mistake that is shared and relied on by both parties . . . ." In *Carpenter v City of Ann Arbor,* 35 Mich App 608, 612; 192 NW2d 523 (1971), we noted that under the Supreme Court decisions in *Spoon-Shacket*

*Co v Oakland Co*, 356 Mich 151; 97 NW2d 25 (1959), and *Consumers Power Co v Muskegon Co*, 346 Mich 243; 78 NW2d 223 (1956) (SMITH, J., dissenting) (adopted by the majority in *Spoon-Shacket Co*) "double, or manifold, payment of the same tax" is "one of the simplest of mistakes of fact" "clearly and undisputably entitled to restitution." The *Carpenter* Court explained:

> The plaintiff argues that the payments were made under a mistake of fact and can therefore be recovered under the holding in *Spoon-Shacket* [*supra*]. The plaintiff has referred us to the dissenting opinion of Justice TALBOT SMITH in *Consumers Power Co* [*supra*], the rationale of which was adopted by a majority of the Supreme Court in *Spoon-Shacket*. In Justice SMITH's opinion the following is found (pp 262, 263):
>
> "The last section above quoted [1 Restatement Restitution, § 75, p 318], to be carefully distinguished (as does the Restatement) from the case before us, is that relating to the recovery of 'void taxes and assessments.' Such cases normally involve payments made under mistake of law, which, both for historical (see Lord Ellenborough's 'monstrous mistake' in *Bilbie v Lumley*, 2 East 469 [102 Eng Rep 448] and practical reasons, have received fairly short shrift in the courts. Confusion between such cases, and the case before us, involving one of the simplest of the mistakes of fact (double, or manifold, payment of the same tax) is noted in portions of the briefs before us. Here the person paying (*i.e.*, 'where a person pays for the second time a tax due from him personally') is clearly and undisputably entitled to restitution of the amount so paid, whatever the situation may be as to 'void and illegal taxes.' The two situations involve different policy considerations, are differently resolved in the cases and treatises, and should not be muddled by us." [*Carpenter, supra* at 611-612.]

Here, both parties shared the same factual mistake. They mistakenly believed that all the property listed on the personal property statement was taxable to petitioner when it was not, given that some property was

doubly reported. Both parties mutually relied on this factual mistake: respondent relied on the mistake to assess the property and enforce the tax, and petitioner relied on the mistake in paying the tax. Therefore, the parties committed a mutual mistake of fact that was intended to be remedied by the Legislature. See also *Wolverine Steel Co v Detroit*, 45 Mich App 671, 674; 207 NW2d 194 (1973) ("We believe § 53a alludes to questions of whether or not the taxpayer has listed all of its property, or listed property that it had already sold or not yet received, etc.").[1]

The majority acknowledges that the term "mutual mistake" has a peculiar meaning in the law of contracts. Because the statute (MCL 211.53a) uses a technical term, the following rule of construction should apply:

> All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning. [MCL 8.3a.]

In my view, the majority ignores the accepted technical understanding of the term "mutual mistake" and substitutes its own construction of the statute on the basis of equitable considerations. While equity will not normally relieve a mistaken party's own negligence, we are construing a statute enacted by the Legislature and deciding this case on the basis of law, not equity. Contrary to the majority's view, petitioner does not seek an "equitable recovery" but, rather, a recovery authorized by statute.

---

[1] This is a correct construction of the statute for purposes of the *Wolverine* case, although I agree with the majority that the statement is obiter dictum.

Finally, the decision by the majority to add the limitation of fault to the legal definition of "mutual mistake" is not supported by the language of the statute or any authority. Such a change in policy preference is the province of the Legislature, not the courts.

The primary rule of statutory construction is that this Court should give effect to the Legislature's intent as expressed through the language of the statute. *Proudfoot v State Farm Mut Ins Co*, 469 Mich 476, 482; 673 NW2d 739 (2003). Given that the tribunal used an excessively narrow interpretation of mutual mistake inconsistent with its proper meaning, it failed to give effect to the Legislature's intent expressed through MCL 211.53a. Therefore, I would hold that the tribunal erred in applying the law and in adopting a wrong legal principle. *Michigan Bell Tel Co, supra* at 206. Accordingly, I would reverse and remand for further proceedings.

III

Petitioner next contends that the tribunal had no authority to dismiss sua sponte petitioner's claim. I agree. The tribunal's rules state that when an applicable tribunal rule does not exist, the Michigan Court Rules and MCL 24.271 to MCL 24.287 shall govern 1999 AC, R 205.1111(4). The language of the tribunal rule dealing with dismissal, 1999 AC, R 205.1247(3), does not allow the tribunal to dismiss cases sua sponte. Rather, it provides that the tribunal should respond to motions by the parties. Given that no language exists in the tribunal rules allowing for dismissal by the tribunal sua sponte, this Court must turn to the Michigan Court Rules.

Essentially, the tribunal dismissed this case because it concluded that: (1) it lacked subject-matter jurisdic-

tion and (2) petitioner failed to state a claim on which it could grant relief. However, the tribunal's determination that it lacked subject-matter jurisdiction stemmed from its determination that petitioner failed to state a claim (i.e., petitioner failed to allege a mutual mistake of fact in its MCL 211.53a claim); therefore, this is in actuality a dismissal for failure to state a claim. Consequently, a correlation appropriately may be drawn with MCR 2.116(C)(8). MCR 2.116 allows a court to grant summary disposition on the motion of a party. Contrary to the tribunal's ruling, MCR 2.116 contemplates the parties briefing the issue and being heard before the dismissal. See MCR 2.116(G). Here, the tribunal in essence made a MCR 2.116(C)(8) ruling without the benefit of a motion by respondent, the parties briefing the issues, or allowing petitioner to respond.

No statutes within MCL 24.271 *et seq.* specifically permit the tribunal to issue sua sponte a summary disposition ruling. Pursuant to MCL 24.281(1), an agency such as the tribunal, before issuing a final ruling without a hearing or review of the record, must submit a proposed opinion to the parties and allow adversely affected parties an opportunity to respond. Under the circumstances, the tribunal was required to submit a proposed opinion to petitioner and allow it to respond. MCL 24.281. The Tribunal's dismissal amounted to an unwarranted grant of summary disposition for failure to state a claim, issued without the benefit of briefs or motions.

IV

Finally, petitioner contends that the tribunal erred in not allowing it to amend its petition. Again, I agree. The tribunal's decision to dismiss a petition and to not allow a party to amend is reviewed for an abuse of discretion.

*Professional Plaza LLC v Detroit,* 250 Mich App 473, 475; 647 NW2d 529 (2002); *Turner v Lansing Twp,* 108 Mich App 103, 112-113; 310 NW2d 287 (1981).

A motion to amend should be granted unless a particularized reason exists such as: (1) undue delay, (2) bad faith or dilatory tactics, (3) repeated failure to cure deficiencies in previous amendments, (4) undue prejudice that would prevent the opposing party from having a fair trial, or (5) futility. *Sands Appliance Services, Inc v Wilson,* 463 Mich 231, 239-240; 615 NW2d 241 (2000). None of the reasons articulated by the Michigan Supreme Court existed in this case.

The tribunal essentially gave two reasons for denying petitioner's motion to amend: (1) petitioner's proposed new petition covered two parcels instead of just one, as required by the tribunal rules and (2) the tribunal lacked subject-matter jurisdiction because petitioner failed to state a mutual mistake pursuant to MCL 211.53a. As concluded above, the tribunal erred in determining that it lacked jurisdiction because petitioner failed to state a mutual mistake. Petitioner did allege a mutual mistake, and the Tribunal did have subject-matter jurisdiction to hear the claim pursuant to MCL 205.731. Therefore, the tribunal erred in determining that petitioner's attempt to amend would be futile. Petitioner could state a valid claim under MCL 211.53a.

The other reason articulated by the tribunal for dismissal, that the petition covers two parcels of property rather than one, does not rise to the level of the particularized reasons articulated by the Supreme Court for denying a motion to amend a petition. Petitioner's original petition dealt with five parcels of property. In its proposed amended petition, petitioner limited the petition to two parcels of personal property.

The tribunal stated that part of the reason it would not grant the motion to amend was that the proposed amendment violated tribunal rule 1999 AC, R 205.1240 requiring separate petitions for each parcel of property. Principles of statutory interpretation apply to construction of administrative rules. This Court must enforce the intent of the rule drafters by applying the meaning plainly expressed. Lacking ambiguity, judicial interpretation is not permitted. *City of Romulus v Dep't of Environmental Quality*, 260 Mich App 54, 65; 678 NW2d 444 (2003). Therefore, we must enforce the plain language of the rule. The plain language of this rule requires petitioner to file two separate petitions for the personal property in question, because it is in different parcels.

Even though the petition was flawed because it dealt with two parcels instead of one, the tribunal should not have dismissed the case and denied petitioner's motion to amend. The flaw in the petition does not rise to the level of undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. Respondent would not be prejudiced by an amendment separating this petition into two petitions because the facts would not change, and respondent was placed on notice by the original petition.[2] There has been no previous amendment or bad faith on the part of petitioner. Finally, the amendment would not be futile. Given that none of the particularized reasons articulated by the Supreme Court for denying a motion to amend exists, the tribu-

---

[2] Recently, in *Ford Motor Co v Bruce Twp*, unpublished opinion per curiam of the Court of Appeals, issued September 14, 2004 (Docket No. 247186), our Court affirmed the dismissal by the Tax Tribunal of a petition by Ford Motor Co. that duplicates the claims made in the present case: "Petitioner has failed to show that the Tribunal erred in dismissing the appeal as duplicative."

nal abused its discretion in denying petitioner's motion to amend. *Sands Appliance Services, supra* at 239-240.

I would reverse and remand for further proceedings.