# STATE OF MICHIGAN

# COURT OF APPEALS

MERCEDES JOHNSON,

          Petitioner-Appellant,

v

CITY OF DETROIT,

          Respondent-Appellant.

UNPUBLISHED
September 10, 2015

No. 321479
Tax Tribunal
LC No. 14-000249

Before: TALBOT, C.J., and WILDER and FORT HOOD, JJ.

PER CURIAM.

Petitioner appeals as of right the Michigan Tax Tribunal's order dismissing her case. We affirm.

Petitioner argues that the Tax Tribunal erred in determining that it lacked authority to hear petitioner's case. We disagree. This Court's review of a decision of the Tax Tribunal is very limited. *Drew v Cass Co*, 299 Mich App 495, 498; 830 NW2d 832 (2013). "In the absence of fraud, this Court reviews a decision of the Tax Tribunal to determine whether the tribunal committed an error of law or adopted a wrong legal principle." *WA Foote Mem Hosp v City of Jackson*, 262 Mich App 333, 336; 686 NW2d 9 (2004). "Whether the [Tax Tribunal] has jurisdiction is a question of law that we review de novo." *Kasberg v Ypsilanti Twp*, 287 Mich App 563, 566; 792 NW2d 1 (2010) (footnote omitted). Issues of statutory interpretation are reviewed de novo. *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 75; 780 NW2d 753 (2010). "The primary goal of statutory interpretation is to give effect to the intent of the Legislature. . . . If the statutory language is unambiguous, the Legislature is presumed to have intended the meaning expressed in the statute." *Id*. at 76 (citations omitted).

In addressing the Tax Tribunal's jurisdiction, this Court has observed "that a court must be vigilant in respecting the limits of its jurisdiction. This is because any actions of a court regarding a matter over which it lacks jurisdiction are void." *Kasberg*, 287 Mich App at 566 (citations omitted). "The lack of subject-matter jurisdiction is so serious a defect in the proceedings that a tribunal is duty-bound to dismiss a plaintiff's claim even if the defendant does not request it." *Electronic Data Sys Corp v Flint Twp*, 253 Mich App 538, 544; 656 NW2d 215 (2002).

MCL 205.735a(3), which is a provision of the Tax Tribunal Act, provides:

-1-

Except as otherwise provided in this section or by law, for an assessment dispute as to the valuation or exemption of property, the assessment must be protested before the board of review before the tribunal acquires jurisdiction of the dispute under subsection (6).

In addition, MCL 205.735a(5) provides, in part:

For a dispute regarding a determination of a claim of exemption of a principal residence or qualified agricultural property for a year in which the July or December board of review has authority to determine a claim of exemption for a principal residence or qualified agricultural property, the claim of exemption shall be presented to either the July or December board of review before the tribunal acquires jurisdiction of the dispute.

Thus, an assessment dispute must be protested to the Board of Review before the Tax Tribunal acquires jurisdiction.

Petitioner filed a petition in the Tax Tribunal indicating she was seeking a poverty exemption for two parcels of property for the 2013 tax year. See MCL 211.7u(1) ("The principal residence of persons who, in the judgment of the supervisor and board of review, by reason of poverty, are unable to contribute toward the public charges is eligible for exemption in whole or in part from taxation under this act."). To be eligible for a poverty exemption, a person must "[f]ile a claim with the supervisor or board of review on a form provided by the local assessing unit . . . . The filing of a claim under this subsection constitutes an appearance before the board of review for the purpose of preserving the claimant's right to appeal the decision of the board of review regarding the claim." MCL 211.7u(2)(b); see also *Spranger v City of Warren*, 308 Mich App 477, 479-480; 865 NW2d 52 (2014) ("A petitioner's request for a poverty exemption must be submitted on a form provided by the local assessing unit, MCL 211.7u(2)(b), and must comply with the policies and guidelines of the local assessing unit, MCL 211.7u(4)."). "The application for an exemption under this section shall be filed after January 1 but before the day prior to the last day of the board of review." MCL 211.7u(3). "The Tax Tribunal has exclusive jurisdiction to hear a taxpayer's claim for a poverty exemption under MCL 211.7u following an unsuccessful request before the local board of review." *Spranger*, 308 Mich App at 479, citing *Nicholson v Birmingham Bd of Review*, 191 Mich App 237, 239; 477 NW2d 492 (1991). Further, "taxpayers are charged with knowing the powers and duties of the board of review, as well as the dates that the board of review is scheduled to meet, because those dates are published in the local newspaper." *Spranger*, 308 Mich App at 483.

In this case, petitioner admitted in her petition that she did not make a protest before respondent's Board of Review. On the petition form that petitioner filed in the Tax Tribunal, petitioner marked "No" in response to the question, "Did you protest the assessment at a Board of Review?" Petitioner wrote the following explanation for this answer: "I missed the deadline date. I did not attend." In her motion for reconsideration in the Tax Tribunal, petitioner claimed that she did protest to the Board of Review because she spoke by telephone with a person from the Board of Review office in January 2014. Petitioner says that this person told her that applications for an exemption for 2013 had to be received by the Board of Review by December 31, 2013, and that the December session had ended and all decisions on property exemptions had

been made. Petitioner also asserts that "[a]s a last ditch effort" she used a blank 2011 poverty exemption application form to submit a request for exemption, apparently meaning that she did this in 2014 when she was unable to obtain a poverty exemption application for 2013.

Petitioner cites no authority establishing that a telephone conversation or the use of a blank form from a prior year comprises a protest before the Board of Review, especially *after* the Board of Review had ended its session for the year at issue. Further, petitioner's own statements in her petition and motion for reconsideration in the Tax Tribunal reflect that she did not file a claim for a poverty exemption in the Board of Review before the last day of the Board of Review's December session for the 2013 tax year. See MCL 211.7u(2)(b), (3). Because petitioner failed to make the required protest in the Board of Review, the Tax Tribunal correctly dismissed the case for lack of jurisdiction. MCL 205.735a(3), (5); *Electronic Data Sys Corp*, 253 Mich App at 544.

The Tax Tribunal also correctly concluded that it lacked jurisdiction under a provision of the General Property Tax Act, MCL 211.53a, which states:

> Any taxpayer who is assessed and pays taxes in excess of the correct and lawful amount due because of a clerical error or mutual mistake of fact made by the assessing officer and the taxpayer may recover the excess so paid, without interest, if suit is commenced within 3 years from the date of payment, notwithstanding that the payment was not made under protest.

Initially, this provision applies only where a taxpayer has been assessed and paid taxes in excess of the correct and lawful amount due. Petitioner has not shown that she paid the taxes at issue. Indeed, petitioner claims that she cannot afford to pay the taxes due. But even assuming that petitioner had paid the taxes, she has not established the applicability of this provision. Petitioner contends that a clerical error or a mutual mistake of fact occurred because during a phone conversation, a person from respondent's Assessor's office indicated that respondent's automated system would send an application for a poverty exemption to petitioner in the mail but petitioner never received it. A "clerical error" is an error "of a typographical, transpositional, or mathematical nature." *Int'l Place Apartments-IV v Ypsilanti Twp*, 216 Mich App 104, 109; 548 NW2d 668 (1996).[1] A "mutual mistake of fact" is "an erroneous belief, which is shared and relied on by both parties, about a material fact that affects the substance of the transaction." *Briggs Tax Serv, LLC*, 485 Mich at 77, quoting *Ford Motor Co v City of Woodhaven*, 475 Mich 425, 442; 716 NW2d 247 (2006) (quotation marks omitted).

Petitioner's failure to file a poverty exemption application did not arise from a clerical error or a mutual mistake of fact. Petitioner claims that she was promised that an application would be sent to her through an automated system and that she never received it, but petitioner

---

[1] In *Int'l Place Apartments-IV*, 216 Mich App at 109, this Court interpreted the meaning of "clerical error" in the context of MCL 211.53b. The term should be accorded the same meaning under MCL 211.53a. The two statutes are in pari materia and should be construed together. *Wolverine Steel Co v Detroit*, 45 Mich App 671, 674; 207 NW2d 194 (1973).

has not established that there was an error of a typographical, transpositional, or mathematical nature. See *Int'l Place Apartments-IV*, 216 Mich App at 109. It is not clear from the record whether respondent's automated system failed to send the application, the application was lost in the mail, or it was stolen from petitioner's mailbox. Nor is there evidence establishing an erroneous belief, shared and relied on by both parties, about a material fact that affected the substance of the transaction. See *Briggs Tax Serv, LLC*, 485 Mich at 77. Petitioner merely claims that she was promised that she would be sent an application and that she never received it. This does not establish that respondent's Assessor's office and petitioner shared any mistaken belief. Finally, respondent's purported failure to send petitioner an application, if true, would not excuse petitioner's obligation to file a poverty exemption claim in the required time period. Petitioner could have attempted to obtain the application by other means before the expiration of the Board of Review's December 2013 session if, as she claims, she did not receive the application in the mail.[2] The Tax Tribunal correctly dismissed the case for want of jurisdiction.

Affirmed.

/s/ Michael J. Talbot
/s/ Kurtis T. Wilder
/s/ Karen M. Fort Hood

---

[2] Petitioner vaguely alludes to having been physically infirm earlier in 2013, but the record is devoid of any facts establishing that she was physically unable to obtain an application if it was not mailed to her before the end of the Board of Review's December 2013 session.