*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AEP CHARTER GENESEE LLC,

       Petitioner-Appellant,

v

CHARTER TOWNSHIP OF FLINT,

       Respondent-Appellee.

UNPUBLISHED
July 22, 2021

No. 353893
Tax Tribunal
LC No. 20-000452-TT

Before: BORRELLO, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Petitioner appeals as of right the Tax Tribunal's order of dismissal, denying petitioner and respondent's joint stipulation for entry of a consent judgment. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

The material facts in this case are undisputed. Petitioner, a charter school operator, owns a parcel of real property in Genesee County that is classified as commercial improved real property. In April 2020, the instant proceedings were initiated in the Michigan Tax Tribunal (MTT) by the filing of a joint stipulation for entry of consent judgment under MCL 211.53a in which petitioner sought correction of the 2017 tax roll on the basis of erroneously assessed state education tax and school operating tax. Specifically, the joint stipulation stated as follows:

> [T]he subject property was assessed state education tax and school operating tax in error since it should have been exempt pursuant to Michigan Public Act 277 of 2011. In July 2019, Flint Twp BOR agreed this was a qualified error and issued a decision correcting the tax roll as to 2018 and 2019 under MCL 211.53b. Petitioner is seeking to correct the tax roll for 2017.

The MTT denied the joint stipulation for entry of consent judgment and dismissed the case, explaining as follows:

-1-

Although the noted error qualifies as a "qualified error" under MCL 211.53b, it does not qualify as a clerical error (i.e., "an error of a transpositional, typographical, or mathematical nature") or a mutual mistake of fact (i.e., "an erroneous belief, which is shared and relied on by both parties") within the meaning of MCL 211.53a. As such, the Tribunal has no jurisdiction over the claim or the relief sought and the stipulation must be denied accordingly. Further, because this stipulation was filed in lieu of a petition, the denial of this stipulation necessitates dismissal of this case as there is no properly pending petition on file. [Citations omitted.]

Petitioner moved for reconsideration, arguing that the MTT erred because the application of the incorrect tax rate was mathematical in nature and thus a "clerical" error under MCL 211.53a. Petitioner asserted that the Genesee Township Board of Review had granted relief with respect to tax years 2018 and 2019 on the basis that the qualified error at issue was a clerical error under MCL 211.53b(8)(a), which is subject to the same definition of clerical error as MCL 211.53a.

The MTT denied petitioner's motion for reconsideration, explaining as follows:

The Tribunal has considered the motion and the case file and finds that Petitioner has failed to demonstrate a palpable error relative to the order that misled the Tribunal and the parties and that would have resulted in a different disposition if the error was corrected. Petitioner contends that the Board of Review granted Petitioner relief pursuant to MCL 211.53b(8)(a) because it found that there was a "clerical error" relating to the "correct assessment figures, the rate of taxation, or the mathematical computation relating to the assessing of taxes." Petitioner further contends that because its tax status was known to both parties, neither MCL 211.53b(8)(b) nor (f) could have been the basis for relief. Regardless of the Board of Review's reasoning, however, the proper grounds for relief is found in MCL 211.53b(f), which provides for correction of "an error regarding the correct taxable status of the real property being assessed." The error alleged by the parties relates to exemption from ad valorem property taxation—not a clerical error regarding the rate of taxation. Specifically, the parties alleged that "the subject property was assessed state education tax and school operating tax in error since it should have been exempt pursuant to Michigan Public Act 277 of 2011." And despite Petitioner's contention, there is nothing in MCL 211.53b(f) that requires a lack of knowledge as to the error by one or both parties. [Citation omitted.]

Petitioner now appeals the decision of the MTT.

## II. STANDARD OF REVIEW

"[A]ppellate review of Michigan Tax Tribunal decisions is limited." *Mt Pleasant v State Tax Comm*, 477 Mich 50, 53; 729 NW2d 833 (2007). "Absent fraud, our review of a decision by the MTT is limited to determining whether the MTT erred in applying the law or adopting a wrong legal principle." *Ford Motor Co v City of Woodhaven*, 475 Mich 425, 438; 716 NW2d 247 (2006). "The Tax Tribunal's factual findings are final if supported by competent, material, and substantial

evidence on the whole record." *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527; 817 NW2d 548 (2012).

"The proper interpretation of a statutory provision is a question of law that this Court reviews de novo." *Mt Pleasant*, 477 Mich at 53. The principles of statutory interpretation are well-settled:

> The primary goal of statutory interpretation is to give effect to the intent of the Legislature. The first step is to review the language of the statute. If the statutory language is unambiguous, the Legislature is presumed to have intended the meaning expressed in the statute and judicial construction is not permissible. [*Id.* (quotation marks and citations omitted).]

## III. ANALYSIS

Petitioner argues that the MTT erred by concluding that it lacked jurisdiction under MCL 211.53a to enter petitioner and respondent's stipulation for a consent judgment.

> [T]he GPTA [General Property Tax Act, MCL 211.1 *et seq*.] sets forth a comprehensive property tax system. Part of this system involves oversight and error correction by various entities. . . . If there is a challenge to an assessment, or if an error is discovered, the GPTA provides various circumstances in which the error can be corrected and specifies who can correct the error. [*Mich Props*, 491 Mich at 533-534 (citations omitted).]

MCL 211.53a provides as follows:

> Any taxpayer who is assessed and pays taxes in excess of the correct and lawful amount due because of a *clerical error* or mutual mistake of fact made by the assessing officer and the taxpayer may recover the excess so paid, without interest, if suit is commenced within 3 years from the date of payment, notwithstanding that the payment was not made under protest. [Emphasis added.]

Accordingly, under MCL 211.53a, a taxpayer may recover excess taxes paid "if suit is commenced within 3 years from the date of payment" so long as the assessment and payment of taxes exceeding the correct and lawful amount is attributable to a "clerical error or mutual mistake of fact."

In the instant case, petitioner only sought relief with respect to tax year 2017 because it had already received relief from the Flint Township Board of Review for tax years 2018 and 2019 pursuant to MCL 211.53b. MCL 211.53b allows local official to correct a "qualified error" for the "current year and the immediately preceding year only," but the term "qualified error" is defined in the statute to encompass a broad variety of errors. At the time of the relevant proceedings in this matter, MCL 211.53b provided in purtinent part as follows:

> (1) If there has been a qualified error, the qualified error shall be verified by the local assessing officer and approved by the board of review. Except as otherwise provided in subsection (7), the board of review shall meet for the

purposes of this section on Tuesday following the second Monday in December and on Tuesday following the third Monday in July. If approved, the board of review shall file an affidavit within 30 days relative to the qualified error with the proper officials and all affected official records shall be corrected. If the qualified error results in an overpayment or underpayment, the rebate, including any interest paid, shall be made to the taxpayer or the taxpayer shall be notified and payment made within 30 days of the notice. A rebate shall be without interest. The treasurer in possession of the appropriate tax roll may deduct the rebate from the appropriate tax collecting unit's subsequent distribution of taxes. The treasurer in possession of the appropriate tax roll shall bill to the appropriate tax collecting unit the tax collecting unit's share of taxes rebated. Except as otherwise provided in subsection (6) and section 27a(4), a correction under this subsection may be made for the current year and the immediately preceding year only.

* * *

(8) As used in this section, "qualified error" means 1 or more of the following:

(a) A clerical error relative to the correct assessment figures, the rate of taxation, or the mathematical computation relating to the assessing of taxes.

(b) A mutual mistake of fact.

(c) An adjustment under section 27a(4) or an exemption under section 7hh(3)(b).

(d) An error of measurement or calculation of the physical dimensions or components of the real property being assessed.

(e) An error of omission or inclusion of a part of the real property being assessed.

(f) An error regarding the correct taxable status of the real property being assessed.

(g) An error made by the taxpayer in preparing the statement of assessable personal property under section 19.

(h) An error made in the denial of a claim of exemption for personal property under section 9o. [MCL 211.53b, as amended by 2017 PA 261.]

Petitioner argues on appeal that the erroneous assessment of state education tax and school operating tax in 2017, 2018, 2019 for the subject property when the subject property was actually

-4-

exempt from these taxes constituted a "clerical" error.[1]  Petitioner relies on the fact that the Flint Township Board of Review already corrected the tax rolls for 2018 and 2019 based on the occurrence of a "qualified error" under MCL 211.53b.  Petitioner asserts that respondent's agreement to the stipulation for consent judgment filed in the MTT demonstrates that respondent must have believed that the qualified error was a clerical error, which is one type of qualified error enumerated in MCL 211.53b(8).  However, there is no evidence in the record to support the assertion that any such specific determination was actually made by the Board of Review, given that the stipulation filed in the MTT merely indicates that the Flint Township Board of Review found a "qualified error."

Moreover, the relevant question is whether the error actually constituted a "clerical" error in order for the 3-year limitation period in MCL 211.53a to apply.  Because the statutory definition of "qualified error" in MCL 211.53b(8) includes more than clerical errors, the finding of a qualified error under MCL 211.53b does not compel the conclusion that the error was a *clerical* one.

In *Int'l Place Apartments-IV v Ypsilanti Twp*, 216 Mich App 104, 108-109; 548 NW2d 668 (1996), this Court construed the meaning of the term "clerical error" as used in a prior version of MCL 211.53b(1).  The version of MCL 211.53b(1) analyzed in *Int'l Place* stated as follows:

> "If there has been a clerical error or a mutual mistake of fact relative to the correct assessment figures, the rate of taxation, or the mathematical computation relating to the assessing of taxes, the error or mutual mistake shall be verified by the local assessing officer, and approved by the board of review . . . . If the error or mutual mistake results in an overpayment or underpayment, the rebate shall be made to the taxpayer or the taxpayer shall be notified and payment made within 30 days of the notice.  A correction under this subsection may be made in the year in which the error was made or in the following year only."  [*Int'l Place*, 216 Mich App at 108, quoting MCL 211.53b(1).]

Consulting dictionaries, we noted that "clerical error" was generally defined as "a mistake in writing or copying."  *Int'l Place*, 216 Mich App at 109 (quotation marks and citations omitted). Next, considering the statutory context, we noted that "the reference to a clerical error or mutual mistake is directly referenced to use of the correct assessment figures, the taxation rate, and the mathematical computation relating to the assessment of taxes."  *Id*.  We thus concluded that "the statute itself refers to errors of a typographical, transpositional, or mathematical nature."  *Id*.

In *Int'l Place*, 216 Mich App at 106-108, the township sought to correct an underassessment of the subject property's value in a previous year that stemmed from a misfiled building permit by one of the township's assessors that resulted in the failure to conduct a field inspection at the completion of construction on the subject property.  The Tax Tribunal determined that the board of review was not authorized to change the assessment under MCL 211.53b because

---

[1] Petitioner expressly argues that there was no mutual mistake of fact, which is the other ground allowing for relief under MCL 211.53a.  In light of this argument, we do not consider in this opinion whether a mutual mistake of fact occurred.

"the error was not a clerical one, but one of professional judgment." *Id*. at 107-108. In affirming the Tax Tribunal, we reasoned as follows:

> The mistake in the case at bar was not limited to merely recording a number incorrectly on the assessment rolls or performing a mathematical error in arriving at the final assessment figure. Rather, the figure recorded on the assessment rolls was accurate in the sense that it was the number intended by the assessor, albeit that the assessor may well have erred in the determination of what that number should be by failing to consider all relevant facts. In short, we agree with the Tax Tribunal that § 53b allows for corrections of clerical errors of a typographical or transpositional nature, but does not permit a reappraisal or reevaluation through the use of new or existing data of any type. That is, § 53b simply does not include cases where the assessor fails to consider all relevant data, even if the root of the assessor's error may have been a ministerial mistake such as the misfiling of a document. [*Id*. at 109.]

Although the version of MCL 211.53b at issue in the instant case now permits corrections to be made on the basis of "qualified" errors, the statutory definition of qualified error includes the same "clerical error" language that was present in the prior version of the statute construed in *Int'l Place*. See MCL 211.53b(1) and (8), as amended by 2017 PA 261. As quoted above, the version of MCL 211.53b(1) and (8) presently at issue also includes within the definition of "qualified error" additional types of errors beyond clerical errors and mistakes of fact. This Court has also previously held that because both MCL 211.53a and MCL 211.53b "deal with procedures for correcting 'clerical errors' and 'mutual mistakes of fact,' " these statutes are to be construed together as *in pari materia*. *Wolverine Steel Co v City of Detroit*, 45 Mich App 671, 674; 207 NW2d 194 (1973).[2] Accordingly, we hold that the definition of "clerical error" that we applied to MCL 211.53b in *Int'l Place* applies with equal force to the term "clerical error" in MCL 211.53a.

Turning back to the present case, the error of which petitioner complained was the levying of taxes on the subject property that were not authorized by law because petitioner was exempt from those taxes by statute. Like the error in *Int'l Place*, the tax levied on petitioner's property in 2017 was "accurate in the sense that it was the number intended"; the error in this case did not involve recording a number or other data incorrectly, nor did this error involve an error in mathematical computation. *Int'l Place*, 216 Mich App at 109. Although respondent agreed that the taxes at issued were levied in error and were not authorized by law, "an unauthorized tax levy constitutes a mistake of law." *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 81; 780 NW2d 753, 761 (2010); see also *id*. at 83 ("[C]ollection of an unauthorized tax constitutes a mistake of law, not a mistake of fact."). Respondent's error of law was not an error of "a

_____

[2] This case may be considered for its persuasive force even though it was decided before November 1, 1990 and therefore is not binding precedent. *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012). Given that both MCL 211.53a and MCL 211.53b are provisions within the GPTA and given that both relate to correcting errors in tax assessments and payments, we conclude *Wolverine Steel Co* retains persuasive force.

typographical, transpositional, or mathematical nature." *Int'l Place*, 216 Mich App at 109. Hence, petitioner has not demonstrated that the MTT "erred in applying the law or adopting a wrong legal principle" by determining that the error at issue was not a clerical error that would have authorized relief under MCL 211.53a. *Ford Motor*, 475 Mich at 438.

Affirmed.

/s/ Stephen L. Borrello
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens